LEWIS G. KNOWLES, Appellant, *v.* CLARA C. TOONE, Impleaded, etc., Respondent.

Where two instruments are intended to embody a contract between the parties they must be read and construed together; the fact that they bear different dates is immaterial if the contract is not carried into effect until both are executed.

A note indorsed by defendant C., a married woman, was presented to plaintiff for the purpose of obtaining the money thereon. Plaintiff refused to advance the money until after C. had answered certain questions propounded to her ; these she answered in a writing, which bore date three days after the date of the note. In reliance upon them plaintiff paid for and received the note, which had no inception until so delivered to him. In an action upon the note, *held,* that the note and the paper containing the answers were to be taken and regarded as part of the same transaction and were to be construed as one contract.

The substance of the answers was that if the note was not paid C. considered it incumbent upon herself to pay it, and that her separate estate was bound therefor. She also stated where said estate was and the value thereof. *Held,* that this was, in effect, and within the meaning of the Married Woman's Act, an agreement that in case the note was not paid she would pay it out of her separate estate, and that such estate was bound.

(Argued June 23, 1884 ; decided October 7, 1884.)

APPEAL from judgment of the General Term of the Court of Common Pleas, in and for the city and county of New York, entered upon an order made February 6, 1882, which affirmed a judgment in favor of defendant, Clara C. Toone, entered upon the report of a referee.

This action was brought upon a promissory note executed by defendant, Laura V. Toone, payable to the order of said Clara C. Toone and indorsed by her.

The material facts are stated in the opinion.

*P. Mitchell* for appellant. The note dated April 22, and the written statement April 25, the time plaintiff parted with his money and took the note, should be construed as one contract. (*Rogers* v. *Smith,* 47 N. Y. 324; *Harper* v. *Raymond,* 3 Bosw. 29 ; 7 Abb. Pr. 142 ; *Van Hagen* v. *Rensselaer,* 18 Johns. 420 ; 27 Barb. 181 ; *Studwell* v. *Territt,* 4

Bosw. 520; *Coddington* v. *Davis*, 1 N. Y. 186; *Rogers* v. *Kneeland*, 10 Wend. 218; *Van Horn* v. *Crain*, 1 Paige, 455; *Peffer* v. *Haight*, 20 Barb. 429; *Parke* v. *Comstock*, 59 id. 16; *Jackson* v. *Dunsbagh*, 1 Johns. Cas. 91; *Stow* v. *Tift*, 15 Johns. 458; *Jackson* v. *McKenry*, 3 Wend. 233; *Hills* v. *Miller*, 3 Paige, 254; *Wilson* v. *Trauf*, 2 Cow. 195; *Cornell* v. *Todd*, 2 Denio, 130; *Hills* v. *Adams*, 1 Hill, 601; *Howe* v. *Woodruff*, 21 Wend. 640; *Rawson* v. *Lampman*, 5 N. Y. 456.) The use of the words "same time," simply means at the time of the contract, whether the contract was consummated after one day or more days of negotiations. (*First Nat. B'k of Saugerties* v. *Hurlbut*, 22 Hun, 310.) Defendant was estopped from denying the validity of the note by her written statement. (*Pond* v. *Hayden*, 5 Week. Dig. 349; *McVey* v. *Cantrell*, 70 N. Y. 295; *Cohn* v. *O'Connor*, 5 Daly, 28; *Dingen* v. *Clancy*, 67 Barb. 566.)

*George H. Yeaman* for respondent. No intent to charge her separate estate having been expressed by the respondent in her indorsement, she is not liable. (*Yale* v. *Dederer*, 18 N. Y. 266; 25 id. 450; *Manhattan B. Manuf. Co.* v. *Thompson*, 58 id. 80; *People, etc.*, v. *Williams*, 8 Daly, 264; *Gosman* v. *Cruger*, 69 N. Y. 87; *Nash* v. *Mitchell*, 71 id. 199; *Gottsberger* v. *Farrell*, 12 N. Y. Weekly Dig., May 20, 1881.) The statement of defendant does not incorporate into the contract of indorsement the expression of an intent to bind her separate estate. (*Gosman* v. *Cruger*, 69 N. Y. 87; *Maxon* v. *Scott*, 55 id. 247.) To constitute two papers, parts of one agreement, three things must concur: First, They must be executed at the same time. Second, They must be between the same parties. Third, They must relate to the same subject-matter. (*Stow* v. *Tifft*, 15 Johns. 463; *Jackson* v. *McKenny*, 3 Wend. 235; *Craig* v. *Wells*, 11 N. Y. 319; *Colkins* v. *Folk*, 38 How. 63.) Defendant's statement was merely an expression of her opinion of the effect of the indorsement previously made by her; a legal conclusion in which she

was mistaken. (*Brewster* v. *Silence*, 8 N. Y. 207; *Saratoga Co. B'k* v. *Pruyn*, 90 id. 250.)

MILLER, J. In order to charge the payment of an obligation created by a married woman upon her separate estate, which is not made for the benefit of such estate, there must be a contract in writing expressing an intention to create a liability upon such estate. The defendant, being a married woman, was the indorser of a promissory note, to recover the amount of which this action is brought, which was presented to the plaintiff for the purpose of obtaining the money on the same. The plaintiff refused to purchase the note at the time, and propounded certain questions to the defendant in regard to the same and as to her liability to pay it as well as her pecuniary responsibility. In answer to these questions the defendant stated, among other things, that if the note was not paid she considered it incumbent upon herself to pay the same and that her private estate was bound therefor. This statement bore date three days after the date of the note, and in reliance upon it with the note the plaintiff parted with his money. The contract was not complete until this time, and the referee found that the note had no inception until the plaintiff bought it. This finding is fully sustained by the facts and the contract, we think, must be determined by the note itself in connection with the answers made to the questions propounded.

The rule is well settled that two cotemporaneous writings between the same parties, upon the same subject-matter, may be read and construed as one paper. (*Rogers et al.* v. *Smith*, 47 N. Y. 324. See, also, *Treadwell* v. *Archer*, 76 id. 196, and *Taddiken* v. *Cantrell*, 69 id. 597.)

In the first case cited *supra* it is said that both the instruments were executed at the same time although the statement as to the liability of the defendant was dated one day after the execution of the note. In *Treadwell* v. *Archer* the note and instrument were executed at the same time. In *Taddiken* v. *Cantrell* an alteration was made in the contract after it had been executed, and it was held that, there being authority for

the alteration, it was valid and binding.    These cases establish
that, where the two instruments are simultaneous and intend
to embody the contract of the parties, they must be read and
construed in connection with each other.    The fact that one
is dated after the other can make no difference if the contract
is not carried into effect until the date of the latter.    The ex-
istence of the two papers prior to the payment of the money
upon the note, and their possession by the plaintiff at the time
when it was paid, establish that they are to be taken and re-
garded.as a·part of the same transaction.    It was only after the
latter was executed that the contract was consummated and the
money paid, and there is, we think, no ground for claiming that
the latter instrument is to be regarded as separate and distinct
from the note.    Construing them as one contract, the question
arises whether the defendant bound her separate estate by the
statement made in answer to the questions propounded.    She
stated expressly that if the note was not paid by the drawer
she considered that she was bound to pay the same and that
her private estate was liable therefor.    This was in substance
an agreement and a promise that in case the note was not paid
she would pay it out of her private estate.    It is said that this
was a mere expression of an opinion as to the law upon the
question as to her liability.    It clearly was not the intention
of the parties to ascertain her opinion on a legal question but
to bind her separate estate for the liability which she had as-
sumed, and it cannot be·said that the questions and answers
did not contain any of the elements of a contract and were not
intended for any such purpose.    The real object of these ques-
tions and the answers to the same was to make a valid contract
by which the defendant's separate estate should be held liable
for the debt in question.    The money was parted with upon
this ground, and without such separate liability it is very mani-
fest that it would not have been paid.    The declaration made
by the defendant was to the effect that her separate estate was
to be bound, and, in answer to some of the questions put, she
stated where it was and what the value of the same was.    It is
quite apparent that the intention of the parties was that the

defendant should bind her separate estate for the payment of the note, and that, in consequence of the assurance that her separate estate was bound, the plaintiff parted with his money. Such was the import of the contract into which the defendant entered, and in view of the representations made by the defendant she is estopped from denying that her separate estate was bound.

The referee erred in his conclusion and the General Term in affirming his judgment.

The judgment should be reversed and a new trial granted, costs to abide the event.

All concur.

Judgment reversed.