JAMES E. HOWELL, Appellant, *v.* WILLIAM DONEGAN, Respondent.

*Specific performance — conveyance by an insolvent debtor accompanied with a declaration of trust by the grantee.*

A conveyance by a deed absolute on its face, shown by a declaration of trust executed by the grantee, as a part of the same transaction, to be in reality a conveyance by an insolvent debtor of his property to a trustee with the purpose of enabling the insolvent debtor to use, occupy and enjoy the same and to receive the rents, issues and profits thereof for his own use so long as the title of the land should remain in the trustee, is a nullity, and the grantee (trustee) cannot compel a purchaser to accept a title thereunder.

Where a deed and an instrument of defeasance are executed pursuant to an original agreement and constitute part of the same transaction, though not written at the same time, nor of even date, they must be read together.

APPEAL by the plaintiff, James E. Howell, from a judgment of the Supreme Court in favor of the defendant, entered in the office of the clerk of the city and county of New York on the 5th day of May, 1893, upon a decision of the court rendered after a trial by the court at the New York Special Term dismissing the complaint upon the merits.

*H. W. Goodrich*, for the appellant.

*A. G. Todd*, for the respondent.

VAN BRUNT, P. J.:

This action was brought to compel the specific performance by the defendant of a contract for the purchase of real estate. The defense denied that the plaintiff was able to give a good title, and alleged that in the contract he was named as trustee, but the defendant had been unable to ascertain the nature of the trust. Upon the trial it appeared that the premises in question had been conveyed by one Alfred Lister to the plaintiff by a deed absolute on its face. Concurrently with the receipt of the deed by the plaintiff, he executed a declaration of trust, in which, after reciting that the firm of H. S. Miller & Co., composed of one Miller and the said Lister, and the corporation of H. S. Miller & Co., had found it necessary to ask for an extension of time in which to pay their creditors, and had formulated a plan therefor, a copy of which was set out in said

deed of trust, and that certain of the creditors of said firm and corporation had consented to the extension agreement, which is also set out in full ; and after reciting the conveyance by the said Alfred Lister of certain lands in the State of New Jersey, and by a separate deed of the tract of land in question in this action, which deeds were by said declaration of trust made part and parcel of the same, the said declaration proceeds :

"Now, therefore, in consideration of the premises, I, James E. Howell, do make known hereby, and declare that I do now, and that I and my heirs and assigns shall and will at all times hereafter, hold the said lands and premises so conveyed to me upon the following trusts :

" *First. To permit the said Alfred Lister to use, occupy and enjoy the same, and to receive the rents, issues and profits thereof to his own use, so long as the title to the said lands shall remain in me, he, in the meantime, paying all interest on mortgages thereon, and all insurance premiums, taxes and other public impositions and expenses.*

" *Second.* To sell and convey the said lands and premises, at such times, in such portions and for such prices as I may in my discretion determine.

" *Third.* To pay the necessary and reasonable expenses attending the consummation of the plan of settlement hereinabove set out, including a reasonable compensation to myself, and to the attorneys of the said Alfred Lister for their services in connection therewith.

" *Fourth.* To disburse the balance of the moneys received by me from the sale of the said lands for the purpose of carrying into effect the said plan of settlement as the same shall be necessary for that purpose.

" *Fifth.* Upon the payment and settlement of the debts of the said firm and corporation, or upon the consent of their creditors thereto, to retransfer what shall remain of the said lands and premises to the said Alfred Lister, his heirs and assigns."

The court dismissed the complaint upon the merits, and gave judgment for the defendant for the amount paid upon the contract, and also for the counsel fees in searching the title, and the costs of the action. And from the judgment thereupon entered this appeal is taken.

It is perfectly apparent that the title tendered was absolutely bad, and that the plaintiff could convey no title that could not be assailed by any of the creditors of Lister. The whole scheme upon its face shows that it was gotten up to hinder, delay and defraud the creditors of Lister. A conveyance by an insolvent debtor to a trustee of his property to permit the insolvent debtor to use, occupy and enjoy the same and to receive the rents, issues and profits thereof for his own use so long as the title of the land should remain in the trustee, does not require argument to show its nullity.

The deed and the declaration of trust formed but one instrument. Where a deed and instrument of defeasance are executed pursuant to an original agreement and constitute part of the same transaction, though not written at the same time nor of even date, they must be read together. (*Kraemer* v. *Adelsberger*, 122 N. Y. 467; *Knowles* v. *Toone*, 96 id. 534.)

It is not necessary to consider the other points raised in the case, as it is apparent that the respondent was justified in refusing to take a title which would not have been of the slightest value.

The judgment should be affirmed, with costs.

O'BRIEN and PARKER, JJ., concurred.

Judgment affirmed, with costs.