(20 App. Div. 89.)

DORTHY v. STRAUCHEN et ux.

(Supreme Court, Appellate Division, Fourth Department. July 29, 1897.)

SUIT TO COMPEL RECONVEYANCE—NECESSITY OF FINDINGS.

A suit being merely to compel reconveyance of property, it being claimed by plaintiff that the conveyance was on agreement of defendant to make further advances to plaintiff, and that this was not done, and plaintiff not having asked to redeem, it is unnecessary to find whether the conveyance was absolute or by way of mortgage.

Appeal from special term, Monroe county.

Action by John F. Dorthy against John R. Strauchen and wife to compel a reconveyance of lands which were conveyed to defendant John R. Strauchen by two instruments in the form of warranty deeds, and to compel the cancellation of a mortgage. Plaintiff claimed that the deeds were executed on the strength of a promise that he should receive further advances of money, which were refused when John R. Strauchen obtained possession of the deeds. From a judgment sus-

taining the deeds, and directing the discharge of the mortgage, plaintiff appeals, but in his brief does not ask for a review of the part of the judgment directing a cancellation of the mortgage.     Affirmed.

Trial at the September equity term in 1895. The court found as conclusions of law, viz.: "(1) That the plaintiff is entitled to judgment that the said mortgage, executed as aforesaid, and recorded as stated in the 17th finding of fact, shall be delivered to him, and canceled, and that the record thereof by the county clerk of Monroe county shall be canceled. (2) That the defendant is entitled to judgment that the conveyance by said Dorthy and wife to him on the 26th day of April, 1895, of the Tonawanda property, is valid and operative for the purposes for which the same is given; and that the conveyance of the 1st day of May, 1895, from Dorthy and wife to the defendant Strauchen, which was delivered on the 2d of May, as aforesaid, is also valid; and that, as to those two conveyances, the defendant Strauchen is the owner thereof." On the 3d day of January, 1896, judgment was entered in accordance with the decision. On the 11th day of January, 1896, the judgment was amended by striking therefrom that portion relating to the lis pendens filed in Erie county. On the 3d day of February, 1896, the plaintiff appealed "from the whole and from each and every part of said judgment." In the brief submitted, it is stated, viz.: "The plaintiff does not ask to review that part of the judgment which directs the cancellation of the mortgage described in the judgment." The court made quite extended findings of fact.

Argued before HARDIN, P. J., and FOLLETT, ADAMS, GREEN, and WARD, JJ.

Eugene Van Voorhis, for appellant.
J. W. Taylor, for respondents.

HARDIN, P. J. An extended and elaborate argument has been made by the appellant in respect to the pivotal questions of fact arising at the trial upon a large volume of evidence. In behalf of the appellant it is insisted that the court has gone wrong upon the facts which lie at the foundation of the decision. In behalf of the respondents an extended argument has been submitted to the court upon the facts, testimony, and features of the case, for the purpose of supporting the conclusions of fact stated by the trial court. After much reflection upon the various phases of the case as presented in the arguments of the learned counsel, and a cautious inspection of the evidence, and a perusal of the findings of fact and the elaborate opinion delivered by the trial judge, we find no occasion to interfere with the findings of fact stated in the decision. The trial court had the advantage of the presence of the witnesses, observing their demeanor during the long trial that ensued, and, judging by the opinion delivered, fully appreciated the different lines of evidence presented, and has stated conclusions which seem reasonable. Giving to such decision such influence as we think it fairly is entitled to in connection with our examination of the evidence, we are of the opinion that the findings of fact ought not to be disturbed. Teeter v. Teeter (Sup.) 20 N. Y. Supp. 259; Cook v. Railroad Co. (N. Y. App.) 39 N. E. 2, and cases cited; Sackett v. Thomas, 4 App. Div. 448, 38 N. Y. Supp. 608.

It is insisted in behalf of the appellant that the transactions disclosed in the evidence must be viewed as a whole, and all of the papers examined in connection with each other. The transactions relating to the papers mentioned in the pleadings, and disclosed in

the evidence, transpired upon several days from the 26th of April, 1895, forward. The instruments executed, however, related to different properties. In the case of People v. Open Board of Stock Brokers' Bldg. Co., 92 N. Y. 98, the deeds that fell under construction related to the same property, one from an executor to a third person, and the latter back to the executor, under whom, as an individual, the vendor claimed. The case of Knowles v. Toone, 96 N. Y. 534, states the rule as follows: "Where two instruments are intended to embody a contract between the parties, they must be read and construed together. The fact that they bear different dates is immaterial if the contract is not carried into effect until both are executed." We think the trial judge sufficiently observed the rule, and that his opinion clearly indicates that he followed it in his examination and determination of the facts.

Nor do we think the trial judge committed an error in inserting in the findings of fact, viz.: "That whether or not the conveyance to Strauchen was an absolute conveyance, or whether the same was by way of mortgage, does not clearly appear." It is quite obvious from the scope of the complaint that the pleader alleged that the securities which the defendant received were taken by way of mortgage. The evidence indicates that at the time the deed of the 26th of April, 1895, was made, the plaintiff was largely indebted to the male defendant, and that the defendant had, besides advances directly made, become surety upon plaintiff's paper. The mortgage of the 29th of April, 1895, was not in terms for $10,000. In the consideration clause were the words: "In consideration of the sum of one dollar and other valuable consideration." And in the condition clause were the following words: "This grant is intended as a continuing collateral security for the payment to the said party of the second part of any and all notes, checks, and other obligations made or incurred by the said John F. Dorthy, party of the first part, to the party of the second part, and for any renewal or renewals thereof, and for any charges or expenses that the party of the second part may incur for the benefit of the said John F. Dorthy, and to save harmless the party of the second part from all loss, cost, and damage that he may sustain, either as indorser of any such note, check, or other obligation of the said John F. Dorthy, or as holder and owner thereof, or of any part thereof." Although the deed of April 26th was in form absolute, as appears by an inspection of it, we think, notwithstanding the defendant had alleged in the answer that the deed was absolute, the trial judge committed no error in inserting the clause in his findings of fact which has been quoted; and we think that no error is presented by the use of the language of the following words, viz.: "Whether the same was by way of mortgage does not clearly appear." The plaintiff not having asked in his complaint to redeem from the deed, it was not important that the question as to his right to so redeem should be determined in this action. The foregoing views lead to sustaining the result reached at the equity term.

Judgment affirmed, with costs. All concur.