C. A. GAMBRILL MANUFACTURING COMPANY, Plaintiff, *v.* AMERICAN AND FOREIGN BANKING CORPORATION and E. R. SHERBURNE COMPANY, Defendants.

(Supreme Court, New York Special Term, November, 1920.)

**Ships and shipping — designated vessels — contracts — notice of shipment — injunction against negotiating drafts.**

> Where in effect a contract of sale was for goods to arrive by particular vessels declared or their proper substitutes, both the arrival and identity of vessel are conditions of the contract, and the failure of the seller to give notice of the several vessels is a breach of the contract.
>
> The subjects of the contract were particular designated lots of sugar, as should be shipped during specified periods, and by designated vessels, due notice of which it was the seller's duty to give. Without regard to a clause of the contract authorizing a change in the designation of a vessel only in case of "accidents," the seller changed the designation capriciously and presented to and obtained the acceptance of the defendant bank of a draft covering the first shipment by a vessel other than that declared. The letter of credit was not drawn in terms to protect the buyer against such a departure from the contract. *Held,* that in an action by the buyer, after notification that it had rescinded the contract, to restrain the seller from negotiating drafts against the remaining shipment, the plaintiff will be granted an injunction *pendente lite* upon giving a bond in an amount to be fixed by the order.
>
> The plaintiff having put into the hands of the seller negotiable paper, part of which it has used and the remainder of which is threatened to be used in violation of the contract, the jurisdiction of equity was properly invoked to restrain the threatened wrong.

MOTION for an injunction *pendente lite.*

Hunt, Hill & Betts (Ferdinand H. Pease, of counsel), for plaintiff.

Rosenberg & Ball (Godfrey Goldmark, of counsel), for defendant E. R. Sherburne Company.

HOTCHKISS, J.  In obedience to the recent decision of the Appellate Division in the *Frey* case, I have denied an injunction as against the American and Foreign Banking Corporation.  As to Sherburne & Co. the motion is now to be considered.  In substance the facts properly deducible from the papers are as follows: Plaintiff bought from Sherburne & Co. three lots of sugar, shipments to be made from Java during July-August, August-September, September-October. Payments were to be net cash, duty paid, ex dock or store at New York upon presentation of delivery order or warehouse receipt against irrevocable letters of credit.  If deliveries were prevented " by any contingencies beyond control of sellers, preventing shipment or delivery of the goods," the shippers were relieved.  " Should any unforeseen circumstances such as accidents, stress of weather, etc., prevent the steamer or steamers *hereafter declared* from clearing within the time specified above, and the sellers or their agents be unable to supply other tonnage of equal character and capacity, the buyer has the option " to cancel the contract with respect to such portion of the sugar as was laden or was to be laden on the disabled vessel or to accept an equal quantity of sugar for later shipment " their decision  *  *  * to be given immediately on advice from sellers *that delay has occurred.*"  Pursuant to the contract three several letters of credit were issued by the defendant bank.  Sherburne & Co. declared in writing the steamers for the July-August and August-September shipments and they have orally declared the steamer for the September-October shipment.  In their letter declaring the vessels for the first two shipments, Sherburne & Co. not only reserved the right to correct errors of declaration, if any, but they also offered the names of the designated vessels " subject to substitu-

29

tion.'' In other words, Sherburne & Co. assert the right to designate a vessel and then to capriciously change the designation without regard for that clause of the contract which authorizes a change only in case of '' accidents,'' etc. Acting upon this theory, Sherburne & Co. presented to the bank and obtained it to accept a draft covering July-August shipment by a vessel other than that declared. The letter of credit was not drawn in terms to protect plaintiff against such a departure from the contract. *Frey & Son, Inc.,* v. *Sherburne Co.,* 193 App. Div. 849. Plaintiff has notified Sherburne & Co. that it rescinded the contract of sale for the reasons above set forth. It is to restrain Sherburne & Co. from negotiating drafts against the two remaining shipments, that this action is brought and this motion made. The case is novel but I think the injunction should be granted. My reasoning is as follows: Although the several letters of credit constitute, as between the drawer (Sherburne & Co.) and the bank, a contract separate and complete in itself, as between plaintiff and Sherburne & Co. these letters must be read in the light of the contract of sale. *Knowles* v. *Toone,* 96 N. Y. 534. In effect the sale was one of goods to arrive and by a particular vessel, namely, the several vessels declared or their proper substitutes. Both arrival and identity of vessel were conditions of the contract. Benj. Sales (5th ed. 1906), K. & B. Notes, 582 *et seq.* Also it was the duty of Sherburne & Co. to give notice of the several vessels at their earliest opportunity and a failure so to do breached the contract. Benjamin Sales, *supra,* 588 *et seq.* In other words, the subjects of the contract were particular, designated sugars, to-wit, such as should be shipped during the specified periods and by the designated vessels (*Clark* v. *Fey,* 121 N. Y. 470), due notice of which vessels it was Sherburne's duty to give. The

use of credits to cover deliveries of different sugars would be a material wrong, of which plaintiff may justly complain. But action after acceptance of drafts by the bank would be of no value as a means of protecting plaintiff from liability to the bank. In that case plaintiff's only remedy would be an action at law against Sherburne & Co. In short, plaintiff has put into Sherburne & Co.'s hands negotiable paper, part of which they have used and the remainder of which they threaten to use in violation of their contract. In such a case the jurisdiction of equity may be invoked to restrain the apprehended wrong. See 21 C. J. tit. Equity, p. 69. As to plaintiff's right to rescind see Sales Act, § 126; *Wolfert* v. *Caledonia Springs Ice Co.,* 195 N. Y. 118; *Norrington* v. *Wright,* 115 U. S. 188; also 24 R. C. L. tit. Sales, §§ 556, 564. Motion granted, with costs to abide event. The amount of the bond will be fixed in the order.

Motion granted, with costs.