GEORGE TALLCOT, Respondent, *v.* OLIVER ARNOLD et al., Appellants.

(Argued May 15, 1874; decided September term, 1874.)

THIS action was brought to recover the amount agreed to be paid by defendants upon performance by plaintiff of a contract by which the latter agreed to furnish to defendants " one of Reynolds' turbine water-wheels, six feet in diameter, that shall give 109 horse power under a head of water that shall measure twelve feet," the putting the same in place to be superintended by plaintiff's engineer; and plaintiff further agreed that if, after fair mechanical test, the wheel failed to furnish the specified power, he would, at the request of plaintiffs, remove it free of charge. The wheel was to be put into defendants' mill. It appeared that defendants had a head of over twelve feet of water, but that at the only place where the wheel could be, and where it, as plaintiff was advised, was to be put, there was a large timber, upon which the foundation of the mill rested, and which could not be cut out, and the wheel had to be placed thereon. This elevated it so that because of this and also because of the peculiar construction of the wheel, there was but about ten feet and a half of water above it. Prior to the making of the contract plaintiff caused the place where the wheel was to be put to be thoroughly examined and knew all about this obstacle. He was himself an expert, having been many years engaged in the business. *Held*, that the construction of the contract being a question of law, this court was entitled to the benefit of the circumstances which the law permits to be taken into consideration in determining the meaning of the particular words without reference to the conclusions of the court below. (*St. Luke's Home* v. *Assoc'n for Indigent Females*, 52 N. Y., 191.) That the words "under a twelve feet head," considered in the light of the surrounding circumstances, were not intended to require a twelve feet head of water above the wheel, but that they had reference to the head of water furnished by defendants, and to which the

wheel was subjected. That the case was one for the application of the rule laid down in *Barlow* v. *Scott* (24 N. Y., 40), that a promise must be interpreted in the sense in which the promisee knew or had reason to know that the promisor understood it.

*F. J. Mather* for the appellants.

*Nelson Cross* for the respondent.

DWIGHT, C., reads for reversal.
All concur.
Judgment reversed and new trial granted.