WALTER JANVIER, INC., a Domestic Corporation, Respondent, *v.* WALTER C. BAKER, Defendant, Impleaded with HENRY A. TREMAINE, Appellant.

WALTER JANVIER, INC., a Domestic Corporation, Respondent, *v.* THE CLINICAL LABORATORIES COMPANY, Appellant.

First Department, June 23, 1930.

*Harold R. Medina* of counsel [*William W. Pellet* and *William F. McNulty* with him on the brief; *G. Kenneth Brown*, attorney], for the appellants.

*Jacob J. Aronson* of counsel [*H. L. Schaefer*, attorney], for the respondent.

O'MALLEY, J. The judgment against the Clinical Laboratories Company is predicated upon the breach of an agency contract whereby it engaged the plaintiff as its sole agent for the sale of a product commonly known as Rinex, a preparation manufactured by such defendant. The original contract was for a period of five years from September 19, 1923. On April 20, 1926, it was extended to April 1, 1931, at a reduced rate of commissions. Performance of this contract on behalf of the defendant Clinical Laboratories Company was guaranteed by the defendants Walter C. Baker and Henry A. Tremaine. By stipulation it was agreed that if the plaintiff recovered a judgment against the corporate defendant, a judgment in like amount might be directed against the two individual defendants. Of these, only the defendant

Tremaine appeals. The corporate defendant Clinical Laboratories Company will hereinafter be referred to as the defendant.

Concededly the defendant terminated the contract on October 27, 1927. It seeks to justify termination upon various grounds, chief among which are: (1) That the plaintiff failed to employ a sufficient number of salesmen; (2) that it neglected its obligations under the contract and, to the defendant's prejudice, gave its attention to the business of a concern known as the Allied Independent Druggists; (3) the sale by the plaintiff of a product known as Creo-Tabs in competition with defendant's product.

Assuming, without deciding, that the evidence was sufficient to warrant a finding that the contract was wrongfully breached by the defendant, we are of opinion that the judgment must be reversed and a new trial ordered upon the ground that there was insufficient evidence upon which to justify an award of damages.

The burden to establish damages was upon the plaintiff. To this end it was incumbent upon it to adopt and present to the court a proper method and basis for the ascertainment of the amount which it sought to recover.

Plaintiff's compensation for service was based upon a percentage of gross sales, less selling expenses. It had a similar arrangement with manufacturers of other products. The plaintiff in attempting to fix the value of its contract for the unexpired term of some three years and four months, introduced in evidence a statement from its books prepared by its accountant. This covered the last four months of 1923, all of the years 1924 to 1926, inclusive, and the first ten months of 1927. It included some ten products handled by the plaintiff in addition to the defendant's product. It showed the total gross commissions earned from each of these products during the period covered by the statement, the comparative percentage of commissions earned on each, and the proportion of the selling expenses chargeable to each on the basis of gross sales. With respect to the defendant's product, Rinex, it showed for the last four months of 1923 gross commissions of $4,464, which represented twenty-three and three-tenths per cent of plaintiff's total earned commissions from all products. Selling expenses of twenty-three and three-tenths per cent were, therefore, deducted from the gross commissions on defendant's product which left a net estimated profit of $2,835.09. For 1924 commissions earned on defendant's product were fifty-eight per cent of the total amount earned; for 1925, fifty-two and seven-tenths per cent, and for 1926, thirty-two and five-tenths per cent. The defendant was then given credit for selling expenses computed upon these various percentages with the result that plaintiff's alleged net profit for 1924 was $34,113.14; for 1925, $24,564.90, and for 1926, $9,608.35.

The same method was adopted with respect to the first ten months of 1927 and the statement showed a net profit for these months on the sale of defendant's product of approximately $8,500, or an average of $850 a month. The learned trial justice multiplied this figure by forty, the number of months which the contract had to run and awarded damages for the gross amount of $34,000. To this, interest in the sum of $4,250 was added, making a total verdict of $38,250.

While the accuracy of the figures contained in the statement thus offered by the plaintiff was not seriously questioned by defendant's counsel, objection was expressly taken to the acceptance of the statement as a proper basis for estimating damages for the unexpired term of the contract. This objection was based upon the ground that the plaintiff had failed to show that conditions continued the same after the contract was terminated. In our view the exception was well taken.

This trial was had on January 20 and 21, 1930. As already noted, the contract was terminated on October 27, 1927. The plaintiff failed to offer any evidence to show that the conditions in defendant's business continued the same after the date of termination, or substantially so. There was no proof tending to show what accounts they carried, if any, or what commissions were paid upon such accounts as remained. It was incumbent upon the plaintiff to offer such proof. (*Palmer* v. *New York Herald Co.*, 228 App. Div. 176.) The character and extent thereof are matters for the trial court to determine.

It follows that the judgments appealed from should be reversed and a new trial ordered, with costs to the appellant to abide the event.

FINCH, MERRELL and McAVOY, JJ., concur.

In each case: Judgment reversed and a new trial ordered, with costs to the appellant to abide the event.