JAMES A. PRESCOTT, Respondent, *v.* BUFFALO FIRE APPLIANCE CORPORATION, Appellant.*

Second Department, December 19, 1932.

---

*Piper, Andrew & Sherwood* [*Henry E. Stohldreier, Walter W. Westall* and *R. Foster Piper* with them on the brief], for the appellant.

*Robert F. Dart,* for the respondent.

PER CURIAM.  The plaintiff had been employed by the defendant as a salesman for a term of two years, but he was discharged while the term had about three and one-half months to run.  The defendant seeks to justify this breach of the contract by a provision therein which reads: " The terms of this contract shall be for a period of two years and is predicated upon the sale of at least ten pieces of apparatus per year."

The plaintiff had not sold that number up to the date of his discharge.  The word " predicated " is a meaningless term without legal significance, and may express an assertion or the basis of a hope of success instead of reserving the right of the employer to terminate the contract.  There was no effort on the trial to explain the ambiguity, and we agree with the trial court in holding that it gave the defendant no right to terminate the contract and discharge the plaintiff during the term.  The language apparently was that of the defendant, and if there were doubt about it, it would be construed most strongly against it.  If it had doubt concerning the plaintiff's ability as a salesman, or wished to protect itself against fortuities, it could readily have used more apt language.

The plaintiff was permitted to show the general expenses that he had incurred during the contract period, although it was provided in the contract that he should pay all his own expenses.  The verdict rendered is for the exact amount of the expenses (less commissions paid) and the interest, to which the plaintiff testified.  This is no proper measure of damages for the breach of a contract for the services of a salesman on commissions.  The damages should have been measured by the commissions which the plaintiff might have earned during the remainder of the term under reasonable probabilities, taking into consideration all the circumstances, including past success, prospective customers and the sums he had expended in preparation, which might have led to other sales or might have resulted only in future wasted effort.  In other words, the prospective net profits which with earnest endeavor, favoring fortune and proper support from the defendant would reasonably be expected to accrue, rather than the expense he had sustained by making sales in the past and in preparing for the future, must be the test.  (*Wakeman* v. *Wheeler & Wilson Mfg. Co.*, 101 N. Y.

205; *Orester* v. *Dayton Rubber Mfg. Co.*, 228 id. 134, 139; *United States Trust Co.* v. *O'Brien*, 143 id. 284.)

The judgment should be reversed on the law and a new trial granted, costs to abide the event.

LAZANSKY, P. J., HAGARTY, TOMPKINS and DAVIS, JJ., concur; YOUNG, J., concurs in result.

Judgment reversed on the law and a new trial granted, costs to abide the event.