HOCKENSMITH CONTRACTING COMPANY, INC., Appellant, *v.* CARNEGIE-ILLINOIS STEEL CORPORATION, Respondent.

Third Department, March 5, 1941.

*Eugene J. Steiner*, for the appellant.

*Cooper, Erving & Savage* [*Edward S. Rooney* and *Eugene P. Devine* of counsel], for the respondent.

BLISS, J.   The complaint shows that on December 31, 1936, the plaintiff leased from the defendant, with an option to purchase, certain sheet steel piling for temporary use in the construction of a sewage treatment plant at Buffalo.   According to the terms of the contract this piling was to be in good repair and drivable condition with squared ends and straight, clean interlocks.   It was to be delivered at the site of the work and promptly upon arrival the plaintiff was to check it and report any shortage or damage.   All materials which proved to be defective were to be replaced by the defendant which should have no other liability on account of shortage, defective materials or the use or handling of materials. The contract also provided that the plaintiff lessee represented to the defendant lessor that the materials were suitable for the purpose for which the plaintiff intended to use them and the plaintiff undertook full responsibility for this representation, realizing that the defendant relied thereon and intending that it should so rely.

The complaint alleges that prior to the making of the contract the defendant represented and warranted that the piling and the locks thereon were proper and adequate for the work contemplated; that the same could be driven properly where necessary and would hold in place; that such representations were false to the knowledge of the defendant or made without any knowledge whatever with reference thereto and were made for the purpose of inducing the plaintiff to enter into the contract.   Plaintiff says it believed these statements to be true, and, acting thereon, entered into the contract.

Plaintiff claims that, contrary to the terms of the contract, the piling was not in good repair or drivable condition, it failed to drive properly, the locks failed to hold and the resulting construction leaked.   Plaintiff further alleges that it was impossible for it to

know from the appearance of the piling whether or not the locks were fit for their purpose and that had the locks been of proper quality and construction for the work contemplated, they would not have required reinforcement and replacement. Items of damage are also set forth.

Finally the complaint states that the piling was acquired by description from the defendant and there was an implied warranty that it was of merchantable quality, while in fact it was not of merchantable quality; and also that an implied warranty or condition as to quality or fitness for the particular purpose was annexed to the piling by the usage of trade and that the piling failed to conform thereto as required and standardized by usage of trade.

Assuming for the moment that the contract was fairly negotiated and that the integration truly represented the intention of the parties, there can be no doubt that the provision by which the plaintiff represented to the defendant that the materials were suitable for the purpose for which the plaintiff intended to use them and undertook full responsibility for this misrepresentation, completely negatives and renders unenforcible the alleged warranties by defendant that the piling and locks were suitable for the work contemplated. With these warranties eliminated as a basis for actionable breach we have left only the warranty that the material was in good repair, drivable condition with squared ends and straight, clean interlocks, all of which relate not to whether the piling was suitable for the particular purpose for which it was to be used, but to the merchantable quality and condition of the piling itself when delivered. Even these latter warranties as to quality and condition seem to be eliminated by the contract provision that the plaintiff would inspect the materials promptly upon arrival and report any damage and that any materials which should prove to be defective should be replaced by the defendant and that its liability in this regard is limited to such replacement only, for there is no allegation in the complaint that any notice of damaged materials was given to the defendant or that it failed to replace any such defective materials. The impossibility of plaintiff knowing from the appearance of said piling whether or not the locks were fit for the purpose for which it was to be used would also seem to have been eliminated as a basis for a claim for damages by the contract provision under which the plaintiff rather than the defendant, represented that the materials were suitable for the purpose for which the plaintiff intended to use them. Thus the complaint fails to state a cause of action for breach of contract based upon the integration alone.

However, there remain the allegations that the plaintiff was induced to enter into the contract by the fraudulent representations of the defendant. These do constitute a good cause of action. (*Whipple* v. *Brown Brothers Co.*, 225 N. Y. 237; Restatement, Contracts, § 476.) If, as is alleged, the contract was induced by the fraud and misrepresentation of the defendant, then of course the provisions which relieve the defendant from liability are not sufficient in law to protect it.

The order and judgment should be reversed, with costs, and the motion denied, with ten dollars costs.

HILL, P. J., HEFFERNAN, SCHENCK and FOSTER, JJ., concur.

Order and judgment reversed on the law and facts, with costs, and motion denied, with ten dollars costs.