Irving P. Kartell, J.
This is an action brought by the plaintiff against the defendant for damages in the sum of $1,368 ¡sustained by the plaintiff as a result of the defendant’s alleged ¡breach of contract.
The plaintiff owns and operates cigarette vending machines -'and is the assignee of a contract with the defendant, the owner 'of a restaurant, for the placing and maintenance of one of the cigarette vending machines in the defendant’s place of business.
The relevant provision of the contract establishing the damages, if any, payable to the plaintiff upon a breach by the defendant reads as follows:
“ Paragraph 6. Should the proprietor [the defendant] breach this agreement, the operator [plaintiff] shall be entitled to recover as liquidated- damages, [emphasis ours] a sum equal to the number of weeks remaining in this agreement from the time of such breach multiplied by the operator’s [plaintiff’s] share of the average weekly profits [emphasis ours] prior to the date of the breach.”
Prom the credible testimony received at the trial, the contention of the defendant that he breached the contract because of the failure by the plaintiff to properly service the cigarette vending machine is without merit. We are, therefore, concerned only with the question of damages, if any, payable to the plaintiff.
During the trial, the plaintiff persisted in establishing his so-called gross average weekly profits by testifying that he deducted the cost of the cigarettes to him from the sales price, and arrived at a figure of approximately $18 per week as his average weekly profit.
Plaintiff conceded that he had other expenses in the operation of the business by way of the operation of an automobile, the use of gasoline and insurance for the automobile, the purchase of parts for repairs, depreciation of the equipment and supplying of matches with each sale of cigarettes. The plaintiff also admitted that he did not know what his net profits were.
The plaintiff’s contention that the use of the word “ profits ” in the quoted paragraph 6 of the agreement constituted gross profits, cannot be accepted by the court.
Liquidated damages are compensatory in nature and must be of a character to indemnify the injured party for actual out-of-pocket loss. Gross profits are not compensatory in nature and if allowed, would constitute a penalty.
*567 The plaintiff is entitled to compensatory damages only; he had the harden of proof and should have adopted and presented to the court a proper method and basis for ascertaining the damages he sought to recover. (Alexander's Dept. Stores v. Ohrbach's, Inc., 269 App. Div. 321; Janvier, Inc., v. Baker, 229 App. Div. 679.)
The rule that when damage for a wrongful act is proved, the fact that it is difficult to prove the exact amount of damages will not release the wrongdoer from responsibility {Bates v. Holbrook, 89 App. Div. 548), does not apply where the damages are easily ascertainable and can be presented with definiteness. The court cannot use conjecture or guesswork when actual proof is available to the plaintiff to establish his loss.
Judgment for the defendant; complaint dismissed.