George SHELLEY, Plaintiff,

v.

THE MACCABEES, Emile A. Haar, David A. Hersh, Robert E. Morris, R. B. Twogood, R. L. Kester, L. F. Ayer, C. Robert Young, A. F. Devine and Joseph A. Navarre, Defendants.

Civ. 20123.

United States District Court
E. D. New York.

May 18, 1960.

See also, 180 F.Supp. 517.

Manning, Hollinger & Shea, New York City, for plaintiff, by Bruce Hecker, and William Schurtman, New York City, for the motion.

Watters & Donovan, New York City, for defendants, by John P. Walsh, New York City, and Francis A. McGrath, Brooklyn, in opposition.

RAYFIEL, District Judge.

The plaintiff herein moves to amend his complaint to include a cause of action for a permanent injunction enjoining the defendant "The Maccabees" from terminating his contracts as Regional Manager and as General Agent, and for a declaratory judgment setting forth the "rights, obligations and relationship between the plaintiff and the defendant The Maccabees" under the said contracts. The plaintiff has also moved for a preliminary injunction "(b) enjoining defendants, their officers, agents, servants, employees and attorneys, and any persons acting through or with them from terminating the plaintiff's Regional Manager and/or General Agent contracts, from requiring plaintiff to turn over any records to any of the defendants, from refusing to pay plaintiff commissions and bonuses on insurance business sold under the aforesaid contracts, and from interfering in any manner or form, directly or indirectly,.

with the operation of plaintiff's insurance business, until a trial can be had upon the issues presented in the amended complaint."

For many years the plaintiff was an official of "The Maccabees", a fraternal organization whose principal function presently appears to be the sale of life insurance. He was also employed by it as New York Regional Manager, pursuant to a contract dated August 24, 1955, whereby he was to solicit new insurance business and supervise and direct its field work in the New York City metropolitan area, for which he was to receive the commissions provided for in the schedule attached to said contract. The contract fixed no termination date, but contained the following provision for cancellation: "16. This contract may be cancelled by either party hereto at any time upon mutual consent."

The plaintiff, under the authority vested in him by the New York Regional Manager contract, entered into a general agency contract with himself on August 24, 1955, under which he designated himself as General Agent to solicit applications for life insurance and membership for "The Maccabees." His compensation for such services was fixed in a schedule attached to that contract. The General Agent contract contained the following provision for its cancellation: "17. It is further agreed that this contract may be cancelled by either party hereto by giving the other party thirty days written notice by registered return receipt requested mail of such cancellation."

The plaintiff, pursuant to the aforesaid agreements, has acted as New York Regional Representative and General Agent of "The Maccabees", and has built up an extensive life insurance business the premium volume of which is upwards of $300,000 per year.

Differences between the plaintiff and "The Maccabees" led to the commencement of this action the original complaint in which involves the breach by "The Maccabees" of several agreements between it and the plaintiff, and the con-

spiracy among the individual defendants to induce such breach.

During the pendency of the action, and on April 14, 1960, "The Maccabees", by a telegram to the plaintiff, notified him that it was cancelling the New York Regional Manager contract and the General Agent contract hereinbefore referred to, and demanded that he turn over to it various lists of agents, correspondence, files, etc., in his possession. The plaintiff, by the instant motion for a preliminary injunction, seeks to enjoin the termination of said contracts and the turn-over demands hereinabove mentioned.

Rule 15(a) of the Federal Rules of Civil Procedure, 28 U.S.C.A., provides that the plaintiff, at this time, may amend his complaint only by leave of the Court or by written consent of the defendants. It also provides that such "leave shall be freely given when justice so requires." Justice clearly requires that the plaintiff should have leave to amend his complaint and that part of the motion is therefore granted. The defendants will serve their answer to the amended complaint within ten days after the service upon their attorneys of the order to be entered herein together with notice of its entry.

*As to the motion for a preliminary injunction.* The plaintiff claims that the New York Regional Manager's contract, because of its provision that it may be cancelled by either party at any time upon *mutual* consent, is a "lifetime contract", and cannot be cancelled by the unilateral action of "The Maccabees". He cites as authority for his position a case in the Appellate Division of the Supreme Court of the State of New York, First Department, entitled United Chemical & Exterminating Co. Inc. v. Security Exterminating Corporation, 246 App.Div. 258, 285 N.Y.S. 291, 292. That case involved a contract which fixed no time limitation, but contained a provision to the effect that it was to continue "until and unless abrogated, cancelled and annulled by the consent of both the parties thereto." In reversing the order of the

Court below dismissing the complaint, Mr. Justice Untermeyer, speaking for the majority of the Court, said, 285 N.Y.S. at page 292, "Its [the contract's] duration, though not measured by months or years, is to be determined by the occurrence of an event which is none the less an event because it depends on concurrent action by the parties themselves. Such a contract is not too indefinite to be enforceable, even though it is impossible to predict exactly when the contingency will occur by which it will be terminated. Jugla et al. v. Trouttet, 120 N.Y. 21, 23 N.E. 1066; Ehrenworth v. George F. Stuhmer & Co., 229 N.Y. 210, 128 N.E. 108. Here, on account of its inherent nature, the contract can in no event continue beyond the corporate existence of the defendant, for the defendant did not agree to employ the plaintiff to perform any specific quantity of work. It agreed only that the plaintiff should perform all the work of this particular character which the defendant might cause to be done, and therefore, it would not be liable to the plaintiff if it discontinued business or were dissolved as a corporation. Jugla et al. v. Trouttet, supra. That, however, is not the situation which is described in the complaint. In the situation which is described, we perceive no reason to deny to these corporate parties the right to make and enforce contracts with one another which are intended to continue throughout the corporate life of either or both (Franklin Tel. Co. v. Harrison, 145 U.S. 459, 12 S.Ct. 900, 36 L.Ed. 776; Llanelly Ry. & Dock Co. v. London & N. W. Ry. Co., L.R. 8 Ch.App. 942, affirmed by the House of Lords, L.R. (Eng. & Ir.App.) 7 H.L. 550), unless rescinded by mutual consent. On the contrary, there is reason to believe that such contracts may frequently be necessary for the joint protection of contracting parties." (Matter in brackets added).

 Assuming the correctness of plaintiff's position that, absent misconduct, the New York Regional Manager's contract may not be cancelled by the unilateral action of one of the parties,

that would not preclude "The Maccabees" from terminating its contracts with the plaintiff, subjecting itself in such an event, of course, to the obligation to respond to the plaintiff in damages for such breach. As Judge Froessel of the New York State Court of Appeals said in the case of Wilson Sullivan Co. v. International Paper Makers Realty Corp., 307 N.Y. 20, at pages 24 and 25, 119 N.E.2d 573, 574, "At the outset we should sharply distinguish between the parties' powers, rights and duties arising under the contract itself, and those arising under *the agency relationship created by the* contract. It is well settled that, with but a few exceptions not pertinent to the facts of this case, a principal has the *power* to revoke at any time his agent's authority to represent him. This is not to say, however, that in doing so he is immune from liability to the agent for breach of contract, see Prescott v. Buffalo Fire Appliance Corp., 237 App.Div. 198, 260 N.Y.S. 840, affirmed 262 N.Y. 475, 188 N.E. 27; Walter Janvier, Inc. v. Baker, 229 App.Div. 679, 243 N.Y.S. 173. Thus, while defendant had the *power* to terminate at will its agency relationship with plaintiff, if in so doing it violated its obligations under the contract, it *must respond to plaintiff in damages*, 1 Mechem on Agency (2d ed.), § 568; 2 Am.Jr., Agency, § 37; Note, 38 L.R.A., N.S., 366; Restatement, Agency, §§ 118, 450; Williston on Contracts, § 279, cf. § 280. As was said in the old English case of Toppin v. Healey (11 Weekly Repr. 466, 467 [1863]; 1 New Rep. 326, 327): 'You may revoke an authority although you cannot revoke a contract.' "

The plaintiff also contends that the preliminary injunction is necessary to preserve the status quo since he has no adequate remedy at law, and that the termination of the contracts would destroy his business, for which he could not be compensated in money damages. He alleges, among other things, that he has a lease on the premises he occupies which has some five years to run, and provides for an annual rental of $30,000, and, further, that he has built up an organization

over many years which he will be unable to maintain. He urges as an additional ground for the granting of a preliminary injunction the fact that it will be difficult to ascertain the extent and amount of damage he will sustain as a result of the breach of said contracts.

■■ I disagree. It is well settled that a preliminary injunction will not be granted to enjoin a breach of contract where compensatory damages are complete and adequate. See Pomeroy, Equity Jurisprudence (5th Ed.) Sec. 1338. Here, in my opinion, the plaintiff has an adequate remedy at law, and can be compensated for any damages which he may sustain. There may be some difficulty, it is true, in ascertaining the *amount* thereof, but that fact, alone, does not entitle him to a preliminary injunction. Difficulty in the assessment of damages is encountered in many fields of the law, particularly in personal injury and wrongful death actions, when it is frequently, if not generally, necessary to calculate the damage which a successful plaintiff will be entitled to recover for the impairment or total loss of future earnings resulting from death or disability, and for pain and suffering, which, in my opinion, is more difficult of ascertainment than the damages claimed in the instant case.

I have begun preparation of my decision on a motion brought on by order to show cause by "The Maccabees" under Canons 6 and 37 of the Canons of Professional Ethics of the American Bar Association, to disqualify the plaintiff's attorneys and their employees, and their associates and their employees, from acting as his attorneys in this action, or from aiding, directly or indirectly, in the preparation or prosecution thereof. The said order to show cause contained a provision staying all further proceedings in the action pending the determination of said motion.

I have decided to deny "The Maccabees'" motion and vacate the said stay, so that plaintiff may, if he intends so to do, appeal from the order to be entered hereon, denying his motion for a preliminary injunction. The opinion in the motion to disqualify will be filed shortly.

The motion for a preliminary injunction is denied.

Settle order on notice.