George SHELLEY, Plaintiff,

v.

THE MACCABEES, Emile A. Haar, David A. Hersh, Robert E. Morris, R. B. Twogood, T. L. Kester, L. F. Ayer, C. Robert Young, A. F. Devine and Joseph A. Navarre, Defendants.

Civ. 20123.

United States District Court
E. D. New York.
Dec. 12, 1960.

See also 184 F.Supp. 797.

Manning, Hollinger & Shea, New York City, for plaintiff, by Bruce Hecker, William Schurtman, New York City, of counsel.

Watters & Donovan, New York City, for defendants The Maccabees and Emile A. Haar, by John P. Walsh, New York City, and Jay Goldberg, New York City, of counsel.

RAYFIEL, District Judge.

This is an action for the recovery of damages for the alleged breach of certain contracts, for conspiracy to induce said breach and for other relief. Issue was joined on or about October 23, 1959. Thereafter the plaintiff moved for and obtained leave to amend his complaint by including an action for a permanent injunction, enjoining the defendant The Maccabees from terminating certain contracts between them, and for a declaratory judgment setting forth their respective rights and obligations thereunder. D.C., 183 F.Supp. 681. The amended complaint was filed on or about May 25, 1960 and the answer thereto on or about June 7, 1960.

On June 3, 1960 the Judges of this Court made and published the following order:

"It is hereby ordered that all proceedings referred to in Rules 26, 30, 31, 33, 34, 35 and 36 of the Federal Rules of Civil Procedure [28 U.S.C.A.] shall be completed within 90 days after the joinder of issue, unless otherwise ordered by the Court. Failure to comply with the provisions hereof may result in judgment against the defaulting party.

This order shall become effective July 1, 1960.

Dated: Brooklyn, New York June 3, 1960."

The plaintiff has completed his discovery proceedings, but the defendants have failed to even institute such proceedings, although the plaintiff and his books and records have, according to the affidavit of his counsel, been made available for the taking of his deposition and the conduct of other proceedings pursuant to the aforementioned Rules.

On June 30, 1960 the plaintiff caused to be filed in the office of the Clerk a note of issue herein accompanied by the required statement of readiness. Objection thereto was filed by the defendants, who claimed that they had not had an adequate opportunity to conduct their pre-trial or discovery proceedings. It should be noted that at the time of the filing of said note of issue and statement of readiness the aforementioned 90-day rule had not yet become effective. Further, the answer to the amended complaint was filed on or about June 7, 1960, so that the issues raised by the amended complaint and the answer thereto were actually joined less than 30 days prior to the filing of said note of issue.

In a memorandum decision dated July 28, 1960, Chief Judge Bruchhausen sustained the defendants' objection to the filing of the said note of issue and statement of readiness.

The plaintiff has now moved for

"a) an order pursuant to Rule 3(e) of the Calendar Rules of this Court granting the within cause a trial preference for exceptional and meritorious reasons; and

b) if the Court deems it necessary, an order directing defendants to complete all depositions and discovery proceedings within 30 days in accordance with the following published order of this Court dated June 3, 1960. * * *"

(The aforesaid 90-day order)

I have read the extensive memoranda of law and more than 300 pages of affidavits submitted by counsel on previous motions in this case, and some 100 pages of affidavits submitted on this motion for a preference, and have heard several hours of argument by capable counsel. As a result thereof I am quite familiar with the facts and the issues involved in the case, and it is my considered opinion that there are such exceptional reasons for the granting of the preference herein as were contemplated by Calendar Rule 3(e), supra. However, because of the extent and complexity of the facts involved, and the great number of books, records and other documents which must necessarily be examined in the conduct of discovery proceedings, 30 days will be entirely inadequate for the completion thereof. It is my belief, however, that if the proceedings are commenced promptly, and pursued expeditiously, they should be concluded well within three months from the date hereof.

Accordingly, the motion for a preference is granted, and the Clerk will be directed to add this case to the appropriate "ready" calendar for the opening day of the April, 1961, Term of the Court.

All books, records, agreements and other documents relevant to the issues in *this* case will, of course, be made available to defendant's counsel for use in connection with their discovery proceedings *herein*.

Settle order, within 5 days, on two days notice.