Carl W. Peterson, J.
The motion herein is brought on by plaintiff for summary judgment.
The action was instituted by plaintiff praying for a declaratory judgment defining the parties’ respective rights under a lease to premises located in the Valley Plaza Shopping Center in Syracuse.
The lease in question provides, among other things, that the purpose shall be for use as an “ exclusive on-premises dry cleaning establishment and allied uses, and no other.”
A controversy has now arisen between plaintiff and defendant respecting the interpretation of the language of said lease.
The defendant contends that the said language gives defendant the exclusive right to operate within the shopping center a dry-cleaning establishment and a laundry, including a coin-operated laundry.
The plaintiff contends that the language in question must be construed to mean that the defendant is limited in its use of the premises to an on-premises dry-cleaning establishment and the services provided by such an establishment and that the language restricts the use of the demised premises to such purpose.
It seems obvious from a reading of the lease with respect to the purpose of use, that the language is ambiguous and *398 obscure. Nowhere does it appear what the t( allied lines ” permitted might consist of. And where such a situation prevails the primary object in its construction is to arrive at the intention of the parties as expressed in the contract, what they intended by what they wrote. (Parshall v. Eggert, 54 N. Y. 18 ; Tallcot v. Arnold, 61 N. Y. 616 ; Nichols v. Nichols, 306 N. Y. 490 ; Wilson Sullivan Co. v. International Paper Makers Realty Corp., 307 N. Y. 20.)
And where the meaning of the instrument is uncertain, the intention may be ascertained by extrinsic testimony. (United Press v. New York Press Co., 164 N. Y. 406.)
Under the circumstances it appears to this court that there exists a triable issue of fact.
The motion for summary judgment should, therefore, be denied.