CLARENCE E. BENNETT, Appellant, v. SAMUEL PISCITELLO and Others, Respondents.— Judgments of Monroe County Court and Rochester City Court [Civil Branch] reversed on the law, with costs, and judgment directed in favor of the plaintiff for the sum of $320, with interest from October 2, 1937, with costs. Memorandum: The contract was in writing and it contained all the elements of a binding agreement. The contract has not been attacked either for fraud or insufficiency. Both parties stood upon the contract, as written, at the trial. The contract contains no language from which the inference of an express warranty in respect to fuel consumption might be drawn. An express warranty can neither be engrafted upon such a contract nor its terms altered by parol evidence. (Bareham & McFarland, Inc., v. Kane, 228 App. Div. 396; Ellen v. Heacock, 247 id. 476, 477; Imperator Realty Co. v. Tull, 228 N. Y. 447, 451; Eighmie v. Taylor, 98 id. 288; Thomas v. Scutt, 127 id. 133, 141, 142; Newburger v. American Surety Co., 242 id. 134, 142, 143; Ruppert v. Singhi, 243 id. 156, 160; Eastman v. Britton, 175 App. Div. 476.) The defendant had the burden of proving the existence of an

express warranty in respect to oil consumption. (*Turl's Sons, Inc.*, v. *Williams Engineering & Contracting Co.*, 136 App. Div. 710, and cases cited.) They failed to carry the burden. To reach the conclusion that such a warranty existed, the trial court had to assume the existence of facts which were to be founded neither in the contract, including the fuel analysis, nor in the evidence offered upon the trial. The judgments of the County Court and of the City Court of Rochester [Civil Branch] should be reversed and judgment should be ordered for the plaintiff. (See Civ. Prac. Act, § 440.) All concur, except Cunningham, J., who dissents and votes for affirmance in the following memorandum: The plaintiff made a written proposal to the defendants to install an oil burner in defendants' factory. On the reverse side of the offer was a fuel analysis showing how much oil would be burned to produce the heat that had been produced by the coal heating equipment then in use by the defendants. This analysis is in writing. It is not an oral statement and it cannot be excluded from consideration upon the ground that it is parol evidence tending to change the terms of the written contract. It seems to me that, having been annexed to the proposal which was accepted by the defendants, it became a part of the contract. However, if it should be deemed to be a separate writing, apart from the proposal, it must be read as a part of the whole contract. " The rule is well settled that two cotemporaneous writings between the same parties, upon the same subject-matter, may be read and construed as one paper." (*Knowles* v. *Toone*, 96 N. Y. 534, 536; *Rogers* v. *Smith*, 47 id. 324, 327.) Therefore, the statement as to the fuel analysis must be considered in the determination of the case at bar, and such determination depends upon the question as to whether that statement is an express warranty. If it is " any affirmation of fact or any promise by the seller relating to " the oil burner, it is an express warranty if " the natural tendency " thereof is to induce the purchase of the oil burner. (Pers. Prop. Law, § 93.) The statement as to the fuel analysis is not an opinion but is a statement of fact and it is set forth therein that 21,315 gallons of oil will produce the same amount of heat as would 135 tons of coal. That this was intended to be a statement of fact is shown by the testimony given by the plaintiff on his direct examination, in which he said: " The question of the cost of operating the oil burner, how much fuel it would use, naturally came up. * * * I asked them if I might make them a proposal on the installation of this oil burner and also work out an estimate of the fuel that would normally be expected to be used." The trial court found that the analysis was a statement of a practical fact and that it was made to induce the sale of the oil burner. The trial court also found that there was a breach of plaintiff's express warranty. It seems to me that the trial court was right in holding the fuel analysis to be an express warranty, and there was sufficient evidence to support the court's finding that there was a breach of this warranty. (The judgment affirms a judgment of the Rochester City Court, Civil Branch, dismissing the complaint and awarding defendants judgment on their counterclaim, in an action to recover the purchase price of an oil burner.) Present — Crosby, P. J., Cunningham, Dowling, Harris and McCurn, JJ. [170 Misc. 177. See *post*, p. 986.]