22 N.Y.2d 383 (1968)
Abraham J. Rodolitz, Appellant-Respondent,
v.
Neptune Paper Products, Inc., Respondent-Appellant; Radio Wire Television, Inc. et al., Third-Party Defendants.
Court of Appeals of the State of New York.
Argued April 15, 1968.
Decided July 1, 1968.
John Van Voorhis for appellant-respondent.
Eugene L. Bondy and Louis Zimmerman for respondent-appellant.
Judges SCILEPPI, BERGAN and BREITEL concur with Judge KEATING; Chief Judge FULD and Judges BURKE and JASEN dissent in part and, upon plaintiff's appeal, vote to affirm on the opinion at the Appellate Division.
*384 KEATING, J.
On July 25, 1955 Abraham J. Rodolitz and Neptune Paper Products, Inc. entered into a lease under which Rodolitz agreed to lease to Neptune certain premises for a plant for the manufacture of paper products. A building, which covers the entire rental area, was under construction by the landlord when the lease was signed and was completed on October 10, 1955. Neptune took possession of the premises under a temporary certificate of occupancy on October 1, 1955.
*385 The controversy in question arises out of the interpretation of the tax apportionment clause of the lease which reads as follows:
"It * * * is the intention of the parties * * * to fix the ceiling and/or limit the responsibility of the lessor for the payment of realty taxes, and that the lessee shall be responsible for the payment of such realty taxes as may be chargeable against and/or a lien against the leased premises to the extent which the sum exceeds the ceiling or limit of the responsibility of the lessor as hereinafter defined. In this connection it is recognized that said realty taxes are computed on the basis of the assessed valuation of the land and buildings thereof. The reference to the assessment as hereinafter made shall be deemed to apply to the total assessment, to wit, the assessment fixed as against both land and building. * * *
"The assessment fixed by the appraisers connected with the Office of City Collector and upon which the taxes are based and applying to the first three (3) years of the term of this lease as herein defined, shall be averaged; the average thereof shall be deemed the limit and/or ceiling of the responsibility of the lessor, who `shall pay the taxes based on such averaged assessed valuation' and the excess over and above such ceiling shall be payable by the lessee as aforesaid." (Emphasis added.)
In this action to recover sums allegedly due under this clause of the lease, the plaintiff lessor argues that "the term of this lease"  as that phrase is defined in the lease  commenced upon the issuance of the temporary certificate of occupancy. Under this construction of the agreement, the average assessed valuation for the three-year period is $122,334.
The record seems clear, however, that at the time the property was assessed for the 1955-56 fiscal year, the assessor did not include the value of the building, apparently then (around September, 1954) in the early stages of construction. The lessee argues that the parties intended that the three years which would be averaged were to be the first three years for which an assessment was made on the basis of the land and the completed building. Under this construction of the clause, the three-year period would commence with the 1956-57 fiscal year and the average assessed valuation would be $174,000. This figure over the period of time for which the suit is brought would result *386 in the lessee's paying some $20,000 less in excess tax payments than would be required under the figure urged by the lessor.
The clause in question provides that the assessments which are to be averaged shall be "the first three (3) years of the term of this lease as herein defined". The clause immediately preceding the tax apportionment clause provides, in pertinent part, that "the obtaining of either a permanent or a temporary Certificate of Occupancy, shall be deemed as the commencement of the term of this lease".
The Appellate Division held that the provision in an earlier portion of the tax apportionment paragraph which reads "[t]he reference to the assessment as hereinafter made shall be deemed to apply to the total assessment, to wit, the assessment fixed as against both land and building" indicated a "recognition of the fact that the assessment for the tax year 1955/1956 (the tax year running from July 1, 1955 to June 30, 1956), which had been completed several months before construction began on the building, was not a true indication of the total value or total assessment of the premises, i.e., the vacant premises as improved by the building, and therefore was not to be used in computing the limitation on plaintiff's tax responsibility. The first year of `total assessment' was 1956/57".
This interpretation is strained and untenable. The clause upon which the Appellate Division relied was intended to indicate that, since the property leased would ultimately include both the land and building, it was recognized that the assessed valuation would not be limited merely to the value of the land. This clause cannot be read as negating the clear and unambiguous statement that the averaging years would include the first three years of the term of the lease commencing with the date of occupancy.
While the Appellate Division's conclusion as to the real intent of the parties may be correct, the rule is well settled that a court may not, under the guise of interpretation, make a new contract for the parties or change the words of a written contract so as to make it express the real intention of the parties if to do so would contradict the clearly expressed language of the contract (see Dwight v. Germania Life Ins. Co., 103 N.Y. 341; Wilson Sullivan Co. v. International Paper Makers Realty Corp., 307 N.Y. 20, 25; *387 Friedman v. Handelman, 300 N.Y. 188, 194). As we noted in Raleigh Assoc. v. Henry (302 N.Y. 467, 473), we "concern ourselves with what the parties intended, but only to the extent that they evidenced what they intended by what they wrote".
The case cited by the Appellate Division is illustrative of a properly worded lease but lends no support to the construction given in this case. In H. L. Klion, Inc. v. Venimore Bldg. Corp. (15 N Y 2d 601) the tax apportionment clause of the lease provided that the tenant would pay any increases in taxes "above the taxes which shall be due and payable for the tax years during which the premises as improved shall be first assessed". (Emphasis added.) We adopted the dissenting opinion at the Appellate Division which held that the tax year referred to was that in which the premises were first assessed as improved and not the earlier year during which the tenant had taken possession but in which the tax assessment was not based upon the property as improved. In the instant case, however, the lease states that the first three years from the commencement of the term of the lease shall be averaged. And the commencement of the term of the lease is deemed to have taken place upon occupancy.
For the reasons stated, the order of the Appellate Division should be reversed and the original judgment of Special Term reinstated, with costs.
The defendant's cross appeal from the judgment of Special Term entered upon the order of the Appellate Division should be dismissed, without costs. The final appealable order in the instant case was the order of the Appellate Division (see 21 N Y 2d 725) and the appeal should have been taken from that order (CPLR 5512, subd. [a]). Since the time to appeal from that order has now passed, the defendant cannot avail itself of the saving clause contained in the last sentence of subdivision (a) of CPLR 5512 and the cross appeal must, therefore, be dismissed (see Farragher v. City of New York, 19 N Y 2d 831).
On the appeal by plaintiff: Order reversed, with costs, and the original judgment of Supreme Court, Queens County, reinstated.
On the cross appeal by defendant: Cross appeal dismissed, without costs.