■ JOHN W. COWPER COMPANY, INC., Appellant, v CDC-TROY, INC., Respondent.—Order unanimously reversed, with costs, and motion granted. Memorandum: In support of its motion for summary judgment plaintiff has produced an executed construction contract by which defendant obligated itself to pay to plaintiff the cost of certain work on an urban renewal project in the City of Troy plus a fee of 4½%. An affidavit by an officer of the corporate plaintiff states that in accordance with the terms of the contract the plaintiff furnished labor, materials, tools and equipment and duly performed and completed all excavation and foundation work as provided in the contract for the agreed sum of $342,308.88, of which the sum of $150,000 has been paid, leaving a balance, payment of which has been demanded, in the amount of $192,308.88. In opposition to the motion, defendant does not dispute the making of the contract, the performance of the work or the sum attributed thereto; however, the affidavit by defendant's vice-president asserts that there are two defenses to the action: (1) that defendant has assigned the contract to Urban Development Corporation, and (2) that when the parties entered into the contract it was their understanding that a successor developer might be substituted for defendant, that because of this possibility defendant gave plaintiff a letter of credit in the amount of $150,000 which was drawn against by plaintiff, "that the plaintiff and CDC (defendant) agreed that the $150,000 letter of credit would represent the full extent of CDC's liability under the construction contract unless CDC remained as the redeveloper of the project until its completion" and that defendant is no longer the redeveloper of the project. As to the first defense asserted, the alleged transfer of the construction contract by defendant to Urban Development Corporation could not of itself insulate defendant from plaintiff's demand for performance under the contract. "It is a well-established rule that a party to a contract cannot relieve himself of his obligations by assigning the contract" (3 NY Jur, Assignments, § 63; *Iorio v Superior Sound*, 49 AD2d 1008). As to the second defense, defendant seeks by the bare averment of a collateral agreement between the parties to vary the terms of the written contract and to alter its obligation of payment thereunder. Without considering the fact that an evidentiary showing is required to defeat a motion for summary judgment *(Mallad Constr. Corp. v County Fed. Sav. & Loan Assn.,* 32 NY2d 285, 290), defendant could not here be permitted to pursue its contention without disregarding "the established rule of law that a written contract merges all prior and contemporaneous negotiations in reference to the same subject, and that the whole engagement of the parties and the extent and manner of their undertaking is embraced in the writing" *(Fowler v Metropolitan Life Ins. Co.,* 116 NY 389, 397). The alleged collateral agreement alluded to by defendant fails in at least two respects to meet the conditions set out in *Mitchill v Lath* (247 NY 377) as necessary to the consideration of such an agreement: "it must not contradict express or implied provisions of the written contract; * * * it must be one that parties would not ordinarily be expected to embody in the writing" (p 381). The written contract executed by the parties is integrated, and the language with respect to defendant's obligation of payment is clear and unambiguous. In that circumstance we may not look outside the instrument to determine the intention of the parties. "The rule is well settled that a court may not, under the guise of interpretation, make a new contract for the parties or change the words of a written contract so as to

make it express the real intention of the parties if to do so would contradict the clearly expressed language of the contract (see *Dwight v. Germania Life Ins. Co.,* 103 N. Y. 341; *Wilson Sullivan Co. v. International Paper Makers Realty Corp.,* 307 N. Y. 20, 25; *Friedman v. Handelman,* 300 N. Y. 188, 194). As we noted in *Raleigh Assoc. v. Henry* (302 N. Y. 467, 473), we 'concern ourselves with what the parties intended, but only to the extent that they evidenced what they intended by what they wrote' " *(Rodolitz v Neptune Paper Prods.,* 22 NY2d 383, 386–387). In view of the inadequacy of defendant's opposing papers, plaintiff is granted summary judgment. (Appeal from order of Erie Special Term denying motion for summary judgment.) Present —Marsh, P. J., Simons, Mahoney, Goldman and Del Vecchio, JJ.