■ MIRO ZUGAREK et al., Respondents, v RALPH WALCK, Appellant.—Judgment unanimously affirmed, with costs. Memorandum: In August, 1973

the parties executed a written agreement for the sale of plaintiffs' business to the defendant. The sale included various items of equipment, inventory and plaintiffs' business name. In October, 1973 defendant took possession of the goods, and although he made a down payment in accord with the contract, he has failed to pay the balance of the purchase price. Special Term awarded plaintiffs summary judgment, and defendant appeals on the ground that the court improperly excluded consideration of issues of fact which he contends arise from the oral representations made by plaintiffs' agent prior to the signing of the agreement. Specifically, he claims that he was advised that the equipment was in good condition and that he would be shown invoices to establish the price plaintiffs paid for the inventory. The contract contains no express warranty concerning the condition of the equipment and imposes no obligation on the plaintiffs to exhibit invoices. Defendant contends that the oral representations are admissible either because they serve to complete what is otherwise an incomplete written agreement, or because they constitute conditions precedent to the effectiveness of the contract (see *Thomas v Scutt,* 127 NY 133). The admissibility of parol evidence to complete a contract is dependent upon a finding that it fails to express the entire agreement between the parties (see *Thomas v Scutt, supra,* p 138). No such finding may be made here. An examination of the contract discloses that its language is unambiguous and warrants the conclusion that it is intended as a total integration of the terms of the agreement. The oral representations were, therefore, not admissible on the claim that they serve to make the agreement complete (see *Mitchill v Lath,* 247 NY 377; *Cowper Co. v CDC-Troy, Inc.,* 50 AD2d 1076). The oral representation that invoices would be furnished concerns a subject dealt with by the terms of the agreement. The contract provides that the defendant has the right to obtain an appraisal and allows the price of the inventory to fluctuate according to its value at the time of closing. The parol evidence seeks to impose an additional obligation upon the plaintiffs which is so clearly and closely connected with the principal transaction as to be a part of it; it is an obligation which ordinarily would be expected to be embodied in the writing (see *Mitchill v Lath, supra,* pp 381, 382; *Goldner Trucking Corp. v Stoll Packing Corp.,* 16 Misc 2d 1065, mod 8 AD2d 951). The same authority precludes the admission of parol evidence relating to the condition of the equipment. Moreover, the contract calls for the sale of used equipment, which defendant had ample opportunity to inspect as well as a contractual right to appraise. There is no language in the agreement which creates an inference of an express warranty concerning its condition, and to add such a warranty to the contract would constitute an impermissible alteration of its terms by resort to parol evidence (see *Bennett v Piscitello,* 259 App Div 964, affd 285 NY 584; *William H. Waters, Inc. v March,* 240 App Div 120, 126; see, also, *Bareham & McFarland v Kane,* 228 App Div 396, 401). Defendant's position that the parties did not intend the agreement to be binding until there was compliance with the oral representations, is equally without merit. Though parol evidence is admissible to prove a condition precedent to the legal effectiveness of a contract, it must not contradict, vary or negate the writing *(Metropolitan Bank of Syracuse v Brennan,* 48 AD2d 254; *Spina v Ferentino,* 30 AD2d 1035; *Bintz v City of Hornell,* 268 App Div 742, affd 295 NY 628). As noted earlier, the oral terms concern matters which are dealt with by the provision in the writing granting defendant a right of appraisal. In such circumstances, the oral representations serve to vary the written agreement and, therefore, should not be viewed as conditions precedent to its effectiveness (cf. *Hicks v Bush,*

10 NY2d 488; see Restatement, Contracts 2d, §§ 242, 243). Finally, defendant's claim that the contract never became effective conflicts with his conduct. The record shows that defendant made the initial payment pursuant to the contract; that he took possession of the subject matter of the contract; that he advertised using the name of plaintiffs' business; that he arranged for plaintiffs' business phone to ring at his address; that he sold some of the items obtained from the plaintiffs; and that he has used some of plaintiffs' inventory and equipment. The defendant may not now be permitted to deny the existence of the contract. While the defendant may have had other remedies relating to the defects in the equipment and the value of the inventory, they are not presented in this action. (Appeal from judgment of Supreme Court, Erie County,— summary judgment.) Present—Marsh, P. J., Moule, Dillon, Goldman and Witmer, JJ.