## In re RECORD CLUB OF AMERICA, INC., Debtor.

### Bankruptcy No. 74–553.

United States Bankruptcy Court, M. D. Pennsylvania.

Feb. 22, 1982.

Nancy Grossman, Harold F. McGuire, Jr., Barthold, McGuire, Kehl & Nealon, New York City, for creditor.

Ernest R. Weiss, York, Pa., receiver.

John W. Howett, Jr. & Associates, P.C., Harrisburg, Pa., for receiver.

Sigmund A. Beck, Milgrim, Thomjan & Jacobs, New York City, for Sigmund Friedman.

Horace A. Stern, Wexler, Weisman, Maurer & Forman, P.C., Philadelphia, Pa., for Creditors' Committee.

## MEMORANDUM AND ORDER

### DISALLOWING PAROL EVIDENCE PROFFERED BY CAPITOL RECORDS, INC.

### (Claim # 96)

THOMAS WOOD, Bankruptcy Judge.

Record Club of America, Inc. (RCOA), the debtor in bankruptcy, has objected to the proof of claim filed by Capitol Records, Inc. (Capitol). Capitol's claim is based upon a contract executed by RCOA and Capitol. Testimony has been received in the matter. RCOA has moved the Court to strike testimonial evidence which was introduced to aid the Court in its interpretation of certain terms in the contract.

RCOA seeks to enforce the parol evidence rule, and thereby exclude testimony as to the construction of the terms "non-returnable" and "period" found in sections 9, 17, 21 and 22 of the contract. Capitol argues that this evidence is admissible under Rule 702 of the Federal Rules of Evidence since the contract terms have a unique meaning to the recording industry.

Section 9 of the contract is representative of the context and usage of the two terms in issue in the contract. Section 9 states as follows:

9. COMPANY hereby agrees to pay CAPITOL the following sums:

a. as a non-returnable advance for the first 5 years of the term: $1,250,000 payable

(1) $375,000 on signing this Agreement;

and

(2) the balance in 14 installments of $62,500 each on the first days of January, April, July and October of 1974, 1975 and 1976 and January and April of 1977;

b. as a non-returnable advance for each year of the last 5 years of the term: the *greater* of

(1) $300,000

or

(2) the average of the total fees paid and payable to CAPITOL under Paragraph 6.a. above in the last 3 calendar years of the first 5 years of the term.

The payments under this Paragraph 9.b. shall be made in equal installments on the first days of July and October, 1977 and the first days of January, April, July and October of 1978, 1979, 1980 and 1981 and January and April of 1982.

The sums paid shall be non-returnable advances only against total fees payable to CAPITOL under Paragraph 6.a. above. The sums payable in the 1st five year period (60 months from January 1, 1973) are advances only against total fees payable under Paragraph 6.a. for RECORDS sold or distributed in the second five year period. When the total amounts paid during the first five year period exceed $1,250,000 no further non-returnable advances are payable hereunder. When the total amounts paid during the second period exceed the applicable advance for the second period no further non-returnable advances are payable hereunder.

Section 24(e) of the contract provides that all matters relating to the interpretation and performance of the contract shall be construed under the laws of New York. The New York position on the subject was enunciated as follows: "[T]he rule is well settled that a court may not, under the guise of interpretation, make a new contract for the parties or change the words of a written contract so as to make it express the real intention of the parties if to do so would contradict the clearly expressed language of the contract ... We concern ourselves with what the parties intended, but only to the extent that they evidenced that they intended by what they wrote." *Rodolitz v. Neptune Paper Products, Inc.*, 22 N.Y.2d 383, 386–87, 292 N.Y.S.2d 878, 881, 239 N.E.2d 628 (1968). "While custom or usage may often be used to clarify ambiguity or to 'fill gaps' in an agreement, 1 Corbin, Contracts §§ 95–102 (1963), such parol evidence should not be used to overcome the independently expressed intent of the parties." *Franklin Research and Development Corp. v. Swift Electrical Supply Co., Inc.*, 340 F.2d 439, 443 (2d Cir. 1964). In

light of this authority we conclude that the substantive law of New York disallows the introduction of evidence to construe the terms in question since the terms in the contract are clear and unambiguous.

### ORDER

AND NOW, this 22nd day of February, 1982, the testimony introduced regarding the interpretation of the parties' contract is stricken. It appearing from the record that neither party proposes to offer further evidence, the record is closed. The brief for the claimant shall be filed within twenty (20) days of this date. The brief of the debtor shall be filed within twenty (20) days thereafter. Briefs shall include proposed findings of fact and conclusions of law. SO ORDERED.