■ MARINE ASSOCIATES, INC., Appellant-Respondent, v NEW SUFFOLK DEVELOPMENT CORP. et al., Respondents-Appellants.— In an action under RPAPL article 15 to compel the determination of adverse claims to certain real property pursuant to a contract for the sale of the property, (1) the plaintiff appeals from so much of an order of the Supreme Court, Suffolk County (Cannavo, J.), dated January 31, 1986, as granted that branch of the defendants' motion permitting them, as the contract vendees, to submit an application to the appropriate authorities of the Town of Southold for a certain zoning change, upon their posting of an undertaking in the sum of $5,000, (2) the defendants appeal from so much of an order of the same court (Cannavo, J.) dated June 5, 1986, as granted, in part, the plaintiff's motion for leave to renew and reargue, and, upon renewal and reargument, directed the defendants to file an additional undertaking in the amount of $65,000 and provided the plaintiff with the right to move for an assessment of damages if the defendants are unable to obtain the necessary permits within one year of the court's order dated January 31, 1986; and (3) the defendants further appeal from an order of the same court, dated August 18, 1986, which denied their motion for reargument with respect to the June 5, 1986 order. The plaintiff's appeal from the order dated

January 31, 1986, brings up for review so much of the order dated June 5, 1986 as adhered to the original determination (CPLR 5517 [b]).

Ordered that the appeal from the order dated January 31, 1986, is dismissed as that order was superseded by the order dated June 5, 1986, made upon reargument; and it is further,

Ordered that the appeal from the order dated August 18, 1986, is dismissed, as no appeal lies from an order denying reargument; and it is further,

Ordered that the order dated June 5, 1986, is modified, by deleting the provisions thereof which directed the defendants to post an undertaking and adhered to the original determination in the order dated January 31, 1986, and substituting therefor a provision deleting the provision of the order dated January 31, 1986, which granted the defendants permission as the contract vendees to submit an application to the appropriate authorities of the Town of Southold for a certain zoning change, and directed the defendants to post an undertaking. As so modified, the order is affirmed insofar as appealed from, and the matter is remitted to the Supreme Court, Suffolk County, for an expedited trial of the factual issues raised by the parties' pleadings, and it is further,

Ordered that the plaintiff is awarded one bill of costs.

The plaintiff is the owner of certain real property which is the subject of a contract of sale which it entered into with the defendant New Suffolk Development Corp. (hereinafter New Suffolk) on May 26, 1983. The contract states that it is understood by the parties that the defendant New Suffolk "is purchasing the premises for the purposes of constructing * * * 24 residential condominium units"; the property is located in a "C" light industrial zoning district. The contract provides that the plaintiff seller is obligated "to use its best efforts" to obtain a rezoning of the premises to permit the construction, use and occupancy of the proposed condominium units. The contract further provides that the plaintiff seller "shall diligently take such action as may be required to obtain the permits, approvals and consents" required. The contract also states that in the event the plaintiff seller is unable to obtain the permits, approvals and consents in order to rezone the property, as set forth above, within 18 months from the date of the contract, then the defendant purchaser "may elect to cancel this contract * * * whereupon the contract shall be deemed null and void, and all sums shall be refunded the Purchaser and neither party shall have any further rights or liabilities hereunder".

Upon the plaintiff's application for rezoning, the Southold Town Planning Board and the Suffolk County Department of Planning each passed resolutions disapproving the requested zoning change on various grounds, including the fact that the proposed use of the premises was inconsistent with the Town of Southold's designation of the area for marine use and development. As to its application to the Southold Town Board, the plaintiff asserts that immediately preceding a public hearing on January 4, 1984, officers of the plaintiff and the defendant corporation, and the defendant Philip Megna agreed that the rezoning application should be withdrawn, as the Town Board members indicated their opposition to the requested rezoning. Thereafter, despite the plaintiff's demand to close title under the contract on December 7, 1984, and subsequent notification on December 18, 1984, to the defendants that the contract was canceled, the defendants maintained that the plaintiff had an ongoing obligation to obtain the necessary rezoning of the premises.

On or about March 20, 1985, the plaintiff commenced this action, *inter alia,* for a judgment declaring that the contract of May 26, 1986, was properly canceled on the basis that the plaintiff "has undertaken all reasonable efforts in an attempt to procure the rezoning contemplated in the contract between the parties dated May 26, 1983". The defendants then moved to compel the plaintiff to submit a zoning change application to the Town Board, or, in the alternative, to permit the defendants to submit such an application. In a memorandum decision and order dated January 31, 1986, the court granted the defendants' motion to the extent that the defendants were permitted to submit an application to the appropriate authorities for the zoning change and the defendants were directed to post an undertaking in the sum of $5,000.

The plaintiff moved for leave to reargue, and, in a memorandum decision and order dated June 5, 1986, the court granted reargument, and thereupon the defendants were directed to post an additional undertaking in the amount of $65,000, for a total undertaking of $70,000, and the defendants' time during which they were permitted to make an application for rezoning was limited to one year from the date of the original order dated January 31, 1986.

By order dated October 10, 1986, this court granted the defendants' motion for a stay of the trial court's order directing that the defendants apply for a change of zoning by January 31, 1987.

Under the terms of the contract for the sale of the property, the plaintiff seller had the sole right to make the applications to rezone the subject property. In doing so, the plaintiff had the duty to "use its best efforts" to obtain the required rezoning. In the event the plaintiff was unable to obtain the required permits and approvals within 18 months from May 26, 1983, the date of the execution of the agreement, the defendants had the right to cancel the contract and recover their down payment. The defendants have declined to exercise that option to cancel and wish to pursue their rights under the agreement. In this lawsuit, the plaintiff asserts that, despite the exercise of its best efforts, it cannot obtain the consents to the required rezoning and, for that reason, requests court intervention to declare the contract null and void.

The court's order permitting the defendants to attempt, for a one-year period, to themselves obtain the zoning change was improper in that the defendants did not have the right to make such application under the terms of the contract which provided that the plaintiff solely had that right. A court may not rewrite into a contract conditions the parties did not insert or, under the guise of construction, add or excise terms (see, Slatt v Slatt, 64 NY2d 966; Rodolitz v Neptune Paper Prods., 22 NY2d 383; Morlee Sales Corp. v Manufacturers Trust Co., 9 NY2d 16; Cowper Co. v CDC-Troy, Inc., 50 AD2d 1076; 22 NY Jur, Contracts § 190).

Moreover, the court effectively awarded the defendants, pendente lite and without a hearing, the ultimate relief sought by them without resolving the material issue concerning the plaintiff's use of its best efforts to obtain the required rezoning, a determination which could have disposed of this action.

Finally, we note that the parties' adverse interests in the subject property will be sufficiently protected by an expedited trial of this action. Mangano, J. P., Bracken, Niehoff and Spatt, JJ., concur.