■ VIRGINIA E. M. ONORATO, Appellant, v JOSEPH ONORATO, Respondent.—In an action for a divorce and ancillary relief, the plaintiff wife appeals from stated portions of an order of the Supreme Court, Nassau County (Balletta, J.), dated July 8, 1986, which, *inter alia,* declared that her partnership interest in Lupo Realty Company was not covered by an antenuptial agreement dated September 21, 1978, and from so much of an

order of the same court, dated January 6, 1987, as, upon reargument, adhered to its original determination.

Ordered that the appeal from the order dated July 8, 1986, is dismissed, as that order was superseded by the order dated January 6, 1987, made upon reargument; and it is further,

Ordered that the order dated January 6, 1987, is affirmed insofar as appealed from, and it is further,

Ordered that the respondent is awarded one bill of costs.

The plaintiff and the defendant were married on September 23, 1978. Two days prior to the marriage, i.e., September 21, 1978, the parties executed an antenuptial agreement. This agreement provided, *inter alia,* that the following property would be included within its ambit: "all real property and personal property in the form of stock [or] bonds now or in the future acquired by either of the parties". The aforesaid property was designated as the "sole and separate property" of the respective spouses and each party waived any right, title and interest in such separate property.

The central issue on appeal is whether the plaintiff's interest in a partnership known as Lupo Realty Company was covered by the antenuptial agreement. In construing the terms of a contract, in this case the antenuptial agreement, we are governed by the principle that where the words utilized are clear and unambiguous, no further inquiry is required to ascertain the parties' intent *(see, Hall & Co. v Orient Overseas Assocs.,* 65 AD2d 424, 428, *affd* 48 NY2d 958; 2 Foster-Freed, Law and the Family § 27:9). A court may not rewrite into a contract terms that the parties did not insert, or, under the guise of construction, add or excise terms *(see, Slatt v Slatt,* 64 NY2d 966, *rearg denied* 65 NY2d 785; *Rodolitz v Neptune Paper Prods.,* 22 NY2d 383; *Marine Assocs. v New Suffolk Dev. Corp.,* 125 AD2d 649; 22 NY Jur 2d, Contracts, § 190). At bar, the language utilized by the parties is clear and not susceptible to more than one interpretation. Thus, the only type of personal property covered by the agreement is that which is in the form of stock or bonds.

The plaintiff's partnership interest in Lupo Realty Company, as well as her interest in any real property owned by it, constitute personalty *(see, Matter of Havemeyer,* 17 NY2d 216, *rearg denied* 17 NY2d 918). Inasmuch as the partnership interest is not in the form of stock or bonds, it is not covered by the antenuptial agreement.

The plaintiff's remaining contention has been considered and found to be without merit. Lawrence, J. P., Eiber, Spatt and Sullivan, JJ., concur.