**SOCIETE GENERALE FINANCIAL CORPORATION f/k/a Sogelease Corporation, Plaintiff,**

v.

**Bob M. TAYLOR d/b/a Santa Fe Pawn and Gun, Defendant.**

Civ. A. No. 88–2526–O.

United States District Court, D. Kansas.

April 11, 1990.

Michael T. Halloran, Couch, Strausbaugh & Pierce, Chartered, Overland Park, Kan., for plaintiff.

James E. Martin and Robert S. Lannin, Boddington & Brown, Chtd., Kansas City, Kan., for defendant.

## MEMORANDUM AND ORDER

EARL E. O'CONNOR, Chief Judge.

Before the court in the above-captioned matter is plaintiff's motion for summary judgment on its claim of breach of contract and on defendant's counterclaim for breach of implied warranties. For the reasons set forth below, plaintiff's motion will be granted.

According to the pretrial order in this case, the parties entered into a "Security Agreement and Conditional Sales Contract" ("the Agreement") whereby plaintiff financed defendant's purchase of certain photography equipment from the manufacturer, KIS Photos ("KIS"). KIS is not a party to this action. Plaintiff claims that defendant breached the Agreement by failing to make timely payments due thereunder and that, pursuant to an acceleration clause in the Agreement, defendant owes plaintiff over $40,000.00 in principal, interest, and late charges. Defendant responds that it seasonably revoked its acceptance of the goods, thereby entitling it to a refund of payments already made. Defendant also contends that plaintiff breached certain implied warranties under the Uniform Commercial Code ("the UCC"). The parties agree that New York law governs this contract.

In a motion for summary judgment, the movant need not negate the allegations of the nonmoving party. However, it must demonstrate that there is no genuine issue of material fact and is therefore entitled to judgment as a matter of law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251–52, 106 S.Ct. 2505, 2511–12, 91 L.Ed.2d 202 (1986). This initial burden entails "informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrates the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S.Ct. 2548, 2553, 91 L.Ed.2d 265 (1986) (quoting Fed.R.Civ.P. 56(c)).

When faced with a motion for summary judgment, the nonmoving party may not simply rely upon its pleadings but rather must set forth specific facts showing that there is a genuine issue for trial. *Anderson*, 477 U.S. at 248, 106 S.Ct. at 2510. Indeed, "the plain language of Rule 56(c) mandates the entry of summary judgment ... against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex*, 477 U.S. at 322, 106 S.Ct. at 2552. The test is whether the facts, viewed in the light most favorable to the nonmoving party, are such that a court may conclude that a reasonable jury could find for the nonmoving party. *Anderson*, 477 U.S. at 248, 106 S.Ct. at 2510.

■ The central issue in this case is whether the Agreement is a contract for the sale of goods within the scope of Article 2 of the UCC. Plaintiff claims that it is not such a contract, but rather a financing agreement under Article 9. If plaintiff is correct, then defendant's claims of revocation of acceptance and breach of implied warranties are futile as against plaintiff, because those claims are created by Article 2 and relevant only if that article applies. The court holds that the Agreement is outside the scope of Article 2.

The Agreement states, in relevant part,

BUYER [defendant herein] HAS ORDERED THE EQUIPMENT FROM THE MANUFACTURER OR OTHER SUPPLIER THEREOF AND IS SATISFIED THAT THE EQUIPMENT IS SUITABLE FOR BUYER'S PURPOSES. SELLER [plaintiff herein] HAS NOT MADE AND DOES NOT MAKE ANY REPRESENTATION OR WARRANTY, EITHER EXPRESS OR IMPLIED, AS TO THE EQUIPMENT, AND EXPRESSLY DISCLAIMS ALL IMPLIED WARRANTIES OF MERCHANTABILITY AND FITNESS FOR ANY PARTICULAR PURPOSE. SELLER IS NOT RESPONSIBLE OR LIABLE (INCLUDING, WITHOUT LIMITATION, UNDER STRICT OR ABSOLUTE LIABILITY IN TORT OR BY STATUTE) TO BUYER OR ANY OTHER PERSON FOR (a) ANY LOSS OR DAMAGE CAUSED BY OR ARISING IN CONNECTION WITH THE EQUIPMENT, (b) THE USE, OPERATION OR PERFORMANCE OF THE EQUIPMENT, (c) DELAY IN OBTAINING OR INSTALLING THE EQUIPMENT OR (d) DELIVERY, INSTALLATION, OPERATION, SERVICE, MAINTENANCE, REPAIR OR REPLACEMENT OF THE EQUIPMENT. IN SIGNING THIS AGREEMENT, BUYER HAS RELIED ONLY UPON THE TERMS CONTAINED HEREIN AND NOT UPON ANY STATEMENTS OR PROMISES MADE BY ANY OTHER PERSON. IF THE EQUIPMENT IS NOT PROPERLY INSTALLED OR DOES NOT OPERATE AS WARRANTED BY THE MANUFACTURER OR OTHER SUPPLIER OR IS OTHERWISE UNSATISFACTORY FOR BUYER, BUYER AGREES THAT IT SHALL CONTINUE TO PAY ALL INSTALLMENTS DUE UNDER THIS AGREEMENT AND BUYER'S EXCLUSIVE REMEDY SHALL BE TO MAKE A CLAIM AGAINST THE MANUFACTURER OR OTHER SUPPLIER OF THE EQUIPMENT. Seller hereby assigns to Buyer all of Seller's rights under all warranties of the manufacturer or other supplier with respect to the Equipment, but if Buyer defaults hereunder such warranties shall be deemed reassigned to Seller.

Agreement, Part 1, ¶ 9 (capitalization in original) (Exhibit D, Plaintiff's Memorandum in Support of Motion for Summary Judgment). Furthermore, defendant agreed to the following terms:

Notwithstanding any failure of the Equipment to perform as expected or represented we [*i.e.* defendant] will continue to make all payments and perform all obligations under the Agreement without deduction or offset and we will look solely to the manufacturer or supplier of the Equipment for the performance of all covenants and warranties with respect to the Equipment. In addition, we will indemnify you and hold you harmless from any loss or liability arising out of any nonperformance of the Equipment.

We acknowledge that you are neither the manufacturer, distributor or supplier of the Equipment and that you have no control, knowledge or familiarity with the condition, capacity, functioning or other characteristics of the Equipment or any responsibility with respect thereto.

Agreement, Part 3, ¶¶ 2, 3. Defendant testified that he read each page of the Agreement before signing it. Plaintiff's Uncontroverted Statement of Fact Number 5.

Article 2 of the UCC, "does not apply to any transaction which although in the form of an unconditional contract to sell or present sale is intended to operate only as a security transaction. . . ." U.C.C. § 2–102. Rather, such transactions are covered by Article 9, as specifically noted in the Official Comment to § 2–102: "The Article leave substantially unaffected the law relating to purchase money security such as conditional sale or chattel mortgage though it regulates the general sales aspects of such transactions. 'Security transaction' is used in the same sense as in the Article on Secured Transactions (Article 9)." *See also In re Sherwood Diversified Servs.*, 382 F.Supp. 1359 (S.D.N.Y. 1974). In view of the plain and unambiguous language of the contract, the court holds that the Agreement is covered by

Article 9, and therefore defendant's proffered Article 2 defenses of revocation of acceptance and breach of implied warranties are inapplicable. *See J.P. Marks Int'l v. Corema S.A.*, 41 U.C.C.Rep.Serv. 733, 1985 WL 2046 (S.D.N.Y.1985). Because defendant admits that it has not paid plaintiff in accordance with the terms of the Agreement, plaintiff's motion for summary judgment will be granted.

■ Defendant's attempt to bring the Agreement within Article 2 is without merit. Defendant first argues that KIS's salesman, Mark Harris, told defendant that Harris represented plaintiff, before defendant signed the Agreement. Even if this parol evidence is true, however, any reliance by defendant upon those statements is vitiated by the Agreement, Part 1, ¶ 9 (wherein defendant agreed that he was not relying on any statements other than those contained in the Agreement itself). Defendant responds that Harris had apparent authority to act as plaintiff's agent and that Harris' false representations that plaintiff was the seller of the goods in question preclude enforcement of the merger clause of the Agreement, Part 1, ¶ 9.

■ Under New York law, apparent authority on the part of an agent will be found only where the principal communicates the existence of such authority to the third party:

> Essential to the creation of apparent authority are words or conduct of the principal, communicated to a third party, that give rise to the appearance and belief that the agent possesses authority to enter into a transaction. The agent cannot by his own acts imbue himself with apparent authority. Rather, the existence of "apparent authority" depends upon a factual showing that the third party relied upon the misrepresentation of the agent because of some misleading conduct on the part of the principal—not the agent. Moreover, a third party with whom the agent deals may rely on an appearance of authority only to the extent that such reliance is reasonable.

*Hallock v. State*, 64 N.Y.2d 224, 485 N.Y. S.2d 510, 513, 474 N.E.2d 1178, 1181 (1984) (citations and internal quotation marks omitted). In the case at bar, the only act by which plaintiff could have communicated to defendant that Harris was an authorized agent was by allowing Harris to carry plaintiff's financing forms with him. Even if the court viewed this communication as going directly to defendant, rather than the public at large, it is hardly the kind of "misleading conduct on the part of the principal" contemplated by *Hallock*. Thus, the court holds that no reasonable jury could find that plaintiff's allowing Harris to carry financing forms (which disclaimed any agency relationship) misled defendant into reasonably believing that Harris was plaintiff's agent.

■ Alternatively, even assuming that Harris had apparent authority to bind plaintiff, defendant has not shown the court any evidence that he relied upon Harris' alleged misrepresentations. In *Centronics Fin. Corp. v. El Conquistador Hotel Corp.*, 573 F.2d 779 (2d Cir.1978), the court, applying New York law, stated that, "An oral representation which is fraudulent *and which induces reliance* may be a defense even though it contradicts a provision of a written contract." *Id.* at 782 (citations omitted, emphasis supplied). In the absence of evidence that defendant entered into the Agreement in reliance upon the representation that plaintiff, rather than KIS, was the seller of the goods, defendant cannot use the alleged representation to contradict the contrary contractual merger clauses. Plaintiff's motion must be granted.

■ Defendant's second argument is that, because plaintiff and KIS have entered into agreements to finance purchases of KIS equipment, plaintiff stands in the same position as KIS for purposes of Article 2. This argument flies in the face of the Agreement, Part 3, ¶¶ 2 and 3, quoted above. Moreover, the alleged partnership documents themselves (Defendant's Exhibits 2 and 4) reinforce the conclusion that plaintiff and KIS are distinct entities. Finally, those documents, executed prior to

the Agreement between plaintiff and defendant, are not incorporated into the unambiguous contract between plaintiff and defendant and there is no evidence that defendant was otherwise aware of or relied upon them. Therefore, they may not now be used to vary the plain terms of the Agreement. *See Zugarek v. Walck,* 54 A.D.2d 1074, 388 N.Y.S.2d 756 (1976).

IT IS THEREFORE ORDERED that plaintiff's motion for summary judgment is granted. The clerk is directed to enter judgment in plaintiff's favor on its claim for breach of contract and against defendant on its counterclaim. Within ten (10) days of the date of this order, counsel for plaintiff shall file with the clerk and serve on defendant an affidavit setting forth the amount it claims currently due and owing under the Agreement. Defendant shall have five (5) days after receipt of said affidavit to file any objections thereto.