■ MILENA P. Roos, Respondent, v EDWIN G. Roos, Appellant. [614 NYS2d 522] —Order, Supreme Court, New York County (Lewis R. Friedman, J.), entered October 26, 1993, which granted plaintiff's motion to dismiss defendant's affirmative defenses to plaintiff's claim for equitable distribution, based upon a prenuptial agreement, unanimously reversed, on the law, without costs, the affirmative defenses are reinstated, and it is declared that the prenuptial agreement prohibits equitable distribution of individually held property to either party.

Shortly before the parties married in 1975, they executed a prenuptial agreement, while represented by independent counsel of their own choosing. Domestic Relations Law § 236 (B), the Equitable Distribution Law, which became effective July 19, 1980, provides in subdivision (3) that an agreement by the parties providing for the "ownership, division or distribution of separate and marital property" is valid and enforceable, even if made before the effective date of the Equitable Distribution Law.

Prior to enactment of the Equitable Distribution Law, property accumulated during the marriage was generally divided on the basis of title, whereas after the law's enactment, such property was to be distributed equitably between the parties. The issue before us is whether the prenuptial agreement was intended to settle the ownership and division of what was to be included, five years later, within the definition of "marital property" (Domestic Relations Law § 236 [B] [1] [c]). If the answer is "no," then that property is subject to equitable distribution under the statute (De Jose v De Jose, 104 AD2d 629, affd 66 NY2d 804). As articulated by the court in Boss v Boss (107 Misc 2d 984, 985): "If the agreement under examination was bargained for at arm's length, is not unconscionable and in clear language expresses an intent to fully settle property rights, then there simply is no 'unsettled' property to be a subject for equitable distribution. If, however, the language of the agreement evidences an intent to enter into a mere 'support agreement' or only a partial property settlement, then there remains, in any property not covered, a res upon which the equitable distribution law can operate."

Our examination of the agreement as a whole persuades us that there remains no " 'unsettled' property" that is subject to equitable distribution, and we accordingly reverse the order appealed from, which concluded that the parties' agreement was not intended as a "complete settlement of their property rights." As here pertinent, the parties acknowledged in their agreement that (1) the defendant "is the owner of substantial real and personal property, is likely to inherit additional property of considerable value, and has reasonable prospects of earning large sums of money in his business"; (2) the defendant "desires to keep all of his property, now owned or hereafter acquired, free from any claim that [plaintiff] might otherwise acquire by reason of the marriage * * * and has expressed his desire to make provision in lieu of any right, statutory or otherwise, that she would otherwise have in his property or estate;" and (3) that plaintiff "has agreed to accept the provisions set forth in this agreement in place of all rights in the property and estate of [defendant], either as his wife during his lifetime, or as his widow, heir at law or distributee upon his death".

The agreement provided in a paragraph entitled "Separate Property" that "each of the parties shall have the absolute right to manage, dispose of, or otherwise deal with any property now separately owned, or hereafter separately acquired, in any manner whatsoever." Another paragraph, entitled

"Release of Marital Rights by Wife," provided that plaintiff "hereby waives and releases all right and interest, statutory or otherwise * * * in [defendant's] property, owned by him at the time of the marriage or acquired by him any time thereafter". Other provisions, not relevant here, set forth the plaintiff's inheritance and maintenance rights, and equivalent rights of the defendant with respect to plaintiff's property and estate.

"It is always the duty of a court, in construing a written instrument, if possible, to ascertain the intention of the parties; and in order to determine its proper construction resort must be had to the instrument as a whole, and effect must be given to every clause and part thereof when it can be done without violence." *(Sattler v Hallock,* 160 NY 291, 297-298; *see also, Matter of Meccico v Meccico,* 76 NY2d 822, 824.)

The parties' intention with respect to the division of property acquired before or after the marriage could hardly have been made more clear, in that each party was explicitly given "the absolute right to manage, dispose of, or otherwise deal with any property" in his or her name. In the context of an agreement which had as its sole purpose the restriction of maintenance, inheritance and property rights which might otherwise accrue "by reason of the marriage" or by reason of either surviving the other, there can be no doubt that the parties intended that in such event each would retain the "absolute right" to property held in her or his name *(see, Onorato v Onorato,* 133 AD2d 617). This was but another way of expressing the parties' intention that their property rights be governed according to title, and that inconsistent principles relating to the division of property, such as those later established by the Equitable Distribution Law, were not to be applied. Moreover, the paragraph entitled "Release of Marital Rights by Wife" constituted a waiver by the plaintiff of any interest in the defendant's property acquired prior to or during the marriage. Accordingly, the order granting plaintiff's motion to dismiss defendant's affirmative defenses based upon the prenuptial agreement must be reversed. Concur— Sullivan, J. P., Carro, Ellerin, Wallach and Rubin, JJ.