■ BARLEO HOMES, INC., Appellant, v TUDOMAWR CORPORATION, Respondent. [625 NYS2d 599] —In an action to recover damages for breach of contract, the plaintiff appeals from an order of the Supreme Court, Orange County (Fitzer, J.H.O.), entered February 10, 1993, which, after a nonjury trial, granted the defendant's motion pursuant to CPLR 4401 for judgment during trial dismissing the complaint for failure to establish a prima facie case.

Ordered that the order is affirmed, with costs.

The plaintiff, a developer, contracted with the defendant for the paving of a road. The contract provided that the defendant was to use approximately 36,000 square feet of "Blacktop Cold Mix 3½ [inches]". The contract further provided that the work was to be acceptable to the Town Inspector or the Superintendent of Highways of the Town of Woodbury (hereinafter the Town). The defendant installed the blacktop, which was inspected three times by the Superintendent of Highways and the Town Engineer, and it was acceptable to the Superintendent of Highways upon its completion. More than two years later, however, when the plaintiff sought to have the road dedicated, it was rejected for dedication by the Town, in

part, because it did not meet the Town's specification that it be 3½ inches thick after it was compacted. The plaintiff hired another paving company to complete the work on the road and now seeks to recover the cost incurred for that work from the defendant. The plaintiff contends, *inter alia,* that the contract should be interpreted to require that the road's thickness was to be measured after the road had been compacted and that the determination of the Superintendent of Highways was not binding on the parties. We reject these contentions.

"A court may not rewrite into a contract conditions the parties did not insert, or under the guise of construction, add or excise terms" *(Marine Assocs. v New Suffolk Dev. Corp.,* 125 AD2d 649, 652). The plaintiff was not new to the business of paving roads and understood what was involved therein. Had the plaintiff wished to require that the thickness of the blacktop be measured after it had been compacted, it could have included such a term in the contract. However, it did not. We may not now rewrite the contract by adding such a term under the guise of contractual construction. Moreover, the testimony at trial was insufficient to establish that the parties had not intended to be bound by the approval of the road by the Superintendent of Highways. In any event, we note that the plaintiff failed to offer any admissible proof of its damages.

The plaintiff's remaining contentions are not preserved for appellate review, or they are without merit. Bracken, J. P., O'Brien, Santucci and Florio, JJ., concur.