■ PRUDENTIAL SECURITIES INCORPORATED, Plaintiff, v CELESTE ROVELLO, Appellant, and ANGELINA ROVELLO, Respondent. [692 NYS2d 67] —Order, Supreme Court, New York County (Charles Ramos, J.), entered January 26, 1999, which granted the motion of defendant cross-claimant Angelina Rovello for summary judgment and denied defendant cross-claimant Celeste Rovello's cross motion for partial summary judgment, unanimously affirmed, without costs.

In this interpleader action arising out of conflicting claims to the legal ownership of the proceeds of an individual retirement account (IRA) maintained with plaintiff Prudential Securities, defendant cross-claimant Angelina Rovello's motion for summary judgment, supported by her attorney's affirmation and adequate documentary evidence, was legally sufficient (*see, Zuckerman v City of New York*, 49 NY2d 557, 563; *Eldon Group Am. v Equiptex Indus. Prods. Corp.*, 236 AD2d 329). Angelina Rovello's entitlement to the proceeds of the IRA account was established by (1) proof that she is the designated beneficiary of the account and (2) a prenuptial agreement between defendant cross-claimant Celeste Rovello and Jack Rovello, now deceased. These items of proof together indicate that the subject IRA account, established prior to the marriage of Jack and Celeste Rovello, constitutes separate property to which

Celeste Rovello has no claim. Contrary to defendant cross-claimant Celeste Rovello's argument, the parties' intent is clearly determinable from the terms of the prenuptial agreement and there is, accordingly, no need to resort to extrinsic evidence for its interpretation (*see, Mallad Constr. Corp. v County Fed. Sav. & Loan Assn.*, 32 NY2d 285, 291; *Zodiac Enters. v American Broadcasting Cos.*, 81 AD2d 337, 339, *affd* 56 NY2d 738). In view of the purpose of the agreement and the clear intent of the parties to deal separately with property acquired before the marriage as if they were not married and the clearly expressed intent that "each party's separate property shall remain separate property and shall include any additions or substitutions" (*see, Roos v Roos*, 206 AD2d 293; *Mir v Mir*, 135 AD2d 690; *Zodiac Enters. v American Broadcasting Cos., supra*), the agreement's immediately following provision that "this shall not include any monies * * * invested in the [IRA] from the date of marriage to the date of [Jack Rovello's] death" must be understood to refer to additional funds deposited in the IRA account after the marriage and not to the utilization of pre-marriage funds in the IRA account to purchase for the account securities available in the Retirement Fund in which the IRA is maintained. Concur—Sullivan, J. P., Nardelli, Mazzarelli and Andrias, JJ.