Tuli v Cabgram Devs., LLC (2022 NY Slip Op 00643)





Tuli v Cabgram Devs., LLC


2022 NY Slip Op 00643


Decided on February 01, 2022


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: February 01, 2022

Before: Kern, J.P., Friedman, Singh, Scarpulla, Rodriguez, JJ. 


Index No. 153164/20 Appeal No. 15192 Case No. 2021-01008 

[*1]Richard Tuli, M.D., Plaintiff-Respondent,
v
Cabgram Developers, LLC, Defendant-Appellant.


Stahl & Zelmanovitz, New York (Joseph Zelmanovitz of counsel), for appellant.
Held & Hines, L.L.P., Brooklyn (Uri Nazryan and Marc J. Held of counsel), for respondent.



Order, Supreme Court, New York County (Paul A. Goetz, J.), entered on or about March 23, 2021, which granted plaintiff's motion for summary judgment on his first cause of action, for breach of contract in the amount of $465,000 plus interest, dismissed defendant's counterclaim, and granted plaintiff's motion to quash subpoenas, unanimously affirmed, without costs.
"When a condition of a mortgage loan commitment is not fulfilled through no fault of the purchasers, their performance is excused, as long as they acted in good faith" (Lunning v 10 Bleecker St. Owners Corp., 160 AD2d 178, 178 [1st Dept 1990], lv denied 76 NY2d 710 [1990]). Plaintiff's statements in affidavit form were sufficient to establish his prima facie case with respect to the question of his good faith pursuit of mortgage financing (see Harris v City of New York, 147 AD2d 186, 189 [1st Dept 1989]). He also provided the November 12, 2019 letter from the lender, which was addressed to his litigation counsel and attached to counsel's affirmation, which explained the May 30, 2019 pro-forma loan denial letter, noting that plaintiff was cooperative throughout the loan process and that his lack of sufficient income was the sole substantive reason for denial of the loan. That documentation was admissible (Prudential Sec. v Rovello, 262 AD2d 172 [1st Dept 1999]; Eldon Group Am. v Equiptex Indus. Prods. Corp., 236 AD2d 329 [1st Dept 1997]). Plaintiff therefore provided documentary evidence establishing that he pursued the mortgage diligently and in good faith, and defendant failed to raise any issues of fact (Buonocore v Dubois, 16 AD3d 359, 359 [1st Dept 2005]).
The motion to quash subpoenas was correctly granted, as they became moot.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: February 1, 2022